RECEIVED

2022 MAY 10 P 12: 28

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| *In re* **Amie Adelia Vague, Jeffrey P. Doss, Melody H. Eagan, Adam Menke Katz, Andrew Daniel Barr, Carl Solomon Charles, Chase Strangio, Dale Melchert, Elizabeth Fri Reinhardt, James D. Esseks, Julie Michelle Veroff, Kaitlin Welborn, Katelyn Kang, Kathleen Roberta Hartnett, LaTisha Gotell Faulks, Lisa Nowlin-Sohl, Lynly Serena Egyes, Malita Vencienzo Picasso, Milo Rohr Inglehart, Robby L.R. Saldana, Sruti J. Swaminathan, Tara Lynn Borelli, Valeria Marie Pelet Del Toro, Zoe Wynne Helstrom, Abigail Hoverman Terry, Adam Reinke, Asaf Orr, Brent P. Ray, Cynthia Weaver, Diego Armando Soto, Gilbert Oladeinbo, J. Andrew Pratt, Jennifer L. Levi, Jessica L. Stone, Michael B. Shortnacy, Misty L. Peterson, Sarah Warbelow, Scott D. McCoy** | Case No.: ~~22-mc-~~ _____ (Middle District of Alabama)   2:22mc 3977·WKW |

## <u>ORDER</u>

This matter is before the undersigned on the April 18, 2022 Order entered by Judge Liles C. Burke in *Walker v. Marshall*, 5:22-cv-480-LCB (N.D. Ala.). (Doc. # 24). Judge Burke's Order was forwarded to the chief judge of each district court in this state. In his Order, Judge Burke referenced certain actions taken by counsel for the plaintiffs in *Walker* and *Ladinsky v. Ivey*, 5:22-cv-447-LCB (N.D. Ala.), and comments made to the media immediately after the dismissal of those actions. (*Id.* at 1-3). As Judge Burke noted, the conduct he described in his Order could be

viewed as evidencing an intent to circumvent the practice of random case assignment in the District Courts for the Northern and Middle Districts of Alabama. (*Id.* at 3) ("At the risk of stating the obvious, Plaintiffs' course of conduct could give the appearance of judge shopping—'a particularly pernicious form of forum shopping'—a practice that has the propensity to create the appearance of impropriety in the judicial system.") (footnotes omitted).

A review of Judge Burke's Order, the records in both *Walker* and *Ladinsky*, and the record in a recently filed and related case, *Eknes-Tucker v. Ivey*, 2:22-cv-184-LCB (M.D. Ala.), reflects the following sequence of events:

On Friday, April 8, 2022, after the court was closed, plaintiffs Dr. Morissa J. Ladinsky, Dr. Hussein D. Abdul-Latif, Robert Roe, and Jane Doe filed suit in the Northern District of Alabama against the Governor, Secretary of State, and the district attorneys for Shelby and Jefferson counties. (*Ladinsky*, 5:22-cv-447-LCB (N.D. Ala.), Doc. # 1). The lawsuit challenged Alabama's Vulnerable Child Compassion and Protection Act. (*Id.*). That complaint was filed by attorneys associated with Lightfoot Franklin & White, King & Spalding, National Center for Lesbian Rights, GLBTQ Legal Advocates & Defenders, Southern Poverty Law Center, and Human Rights Campaign Foundation. (*Id.*). *Ladinsky* was entered on the court's docket on the morning of April 11, 2022, and assigned case number 2:22-cv-447-AMM. At 1:15 p.m. that day, Judge Manasco recused, and the case was then reassigned to Magistrate Judge Cornelius. (*Ladinsky*, 5:22-cv-447-LCB (N.D. Ala.), Docs. # 2, 3). Because the parties did not unanimously consent to the dispositive jurisdiction by a Magistrate Judge, the case was randomly reassigned to Judge Axon. (*Ladinsky*, 5:22-cv-447-LCB (N.D. Ala.), Doc. # 11).

Also on April 11, 2022, at 3:04 p.m., plaintiffs Jeffrey Walker, Lisa Walker, H.W., Jeffrey White, Christa White, and C.W. filed suit in the Middle District of Alabama against the Secretary

of State and the district attorneys for Limestone and Lee counties. (*Walker*, 5:22-cv-480-LCB (N.D. Ala.), Doc. # 1). *Walker* also challenged Alabama's Vulnerable Child Compassion and Protection Act. (*Id.*). That complaint was filed by attorneys associated with American Civil Liberties Union Foundation Inc., American Civil Liberties Union of Alabama Foundation, Lambda Legal, Cooley LLP, and Transgender Law Center. (*Id.*). *Walker* was assigned case number 2:22-cv-167-ECM-SMD.

On April 12, 2022, at 5:37 p.m., the *Walker* plaintiffs filed a motion to reassign the case to Judge Thompson as related to a case that Judge Thompson had previously decided but that had been closed over fifteen months earlier, on January 15, 2021. (*Walker*, 5:22-cv-480-LCB (N.D. Ala.), Doc. # 8). That previous case related to a policy preventing a transgender person from obtaining an Alabama drivers' license without first disclosing health information about surgical procedures to the government. (*Id.* at 2).

On April 15, 2022, Chief Judge Marks, with the consent of the parties, transferred *Walker* to the Northern District of Alabama to be considered in connection with the first-filed case, *Ladinsky*. (*Walker*, 5:22-cv-480-LCB (N.D. Ala.), Doc. # 20).[1] In consenting to transfer, the *Walker* plaintiffs withdrew their request for assignment to Judge Thompson. After transfer, *Walker* was randomly assigned to Judge Burke and received case number 5:22-cv-480-LCB. That same day, at 4:07 p.m., Judge Burke set *Walker* for a status conference. (*Walker*, 5:22-cv-480-LCB (N.D. Ala.), Doc. # 22). Shortly thereafter, at 4:41 p.m., Judge Axon "[i]n the interest of efficiency and judicial economy" transferred *Ladinsky* to Judge Burke. (*Ladinsky*, 5:22-cv-447-LCB (N.D. Ala.), Doc. # 14).[2] At 6:24 p.m. the same day, the *Walker* plaintiffs filed a notice of voluntary

---

[1] The action's transfer to the Northern District made the *Walker* plaintiffs' motion to reassign the case to Judge Thompson moot.

[2] When it was consolidated with *Walker*, the division in *Ladinsky* changed from Southern to Northeastern.

dismissal. (*Walker*, 5:22-cv-480-LCB (N.D. Ala.), Doc. # 23). Minutes later, at 6:33 p.m., the *Ladinsky* plaintiffs filed a materially identical notice of voluntary dismissal. (*Ladinsky*, 5:22-cv-447-LCB (N.D. Ala.), Doc. # 15).

The next day, Saturday, April 16, 2022, counsel for the *Ladinsky* plaintiffs wrote in an e-mail to a reporter that "we do plan to refile imminently."[3] That same counsel made a similar comment to a different media outlet on Monday, April 18, 2022.[4]

On Tuesday, April 19, 2022, after Judge Burke's April 18, 2022 Order in *Walker*, plaintiffs Rev. Paul A. Eknes-Tucker, Brianna Boe, James Zoe, Megan Poe, Kathy Noe, Dr. Jane Moe, and Dr. Rachel Koe filed a third suit, this one back in the Middle District of Alabama, against the Governor, the Secretary of State, and the district attorneys for Montgomery, Cullman, Lee, and Jefferson counties, and the district attorney for the 12th Judicial Circuit. (*Eknes-Tucker*, 2:22-cv-184-RAH-SRW (M.D. Ala.), Doc. # 1). This third lawsuit also challenged Alabama's Vulnerable Child Compassion and Protection Act. (*Id.*). That complaint was signed by the same attorneys who filed the *Ladinsky* action (*i.e.*, attorneys with Lightfoot Franklin & White, King & Spalding, National Center for Lesbian Rights, GLBTQ Legal Advocates & Defenders, Southern Poverty Law Center, and Human Rights Campaign Foundation). (*Compare Eknes-Tucker*, 2:22-cv-184-RAH-SRW (M.D. Ala.), Doc. # 1 *with Ladinsky*, 5:22-cv-447-LCB (N.D. Ala.), Doc. # 1). The complaint was assigned case number 2:22-cv-184-RAH-SRW. On April 20, 2022, Judge Huffaker

---

[3] *See* Paul Gattis, "*Lawsuits Seeking To Overturn New Alabama Transgender Law Dropped, Could Be Refiled.*" al.com (Apr. 16, 2022, 5:43 p.m.), https://www.al.com/news/2022/04/lawsuits-seeking-to-overturn-new-alabama-transgender-law-dropped-could-be-refiled.html. The article was updated at 9:22 p.m. that evening to reflect an additional comment from plaintiffs' counsel to the effect that the lawsuit will be "quickly refiled."

[4] *See* Brian Lyman, "*Attorney: Plaintiffs Challenging Alabama's Ban on Transgender Medicine Plan New Case.*" montgomeryadvertiser.com (Apr. 18, 2022, 11:34 a.m.), https://www.montgomeryadvertiser.com/story/news/2022/04/18/plaintiffs-challenging-alabama-ban-transgender-medicine-plan-new-case-sb-184-kay-ivey-lawsuit/7355576001/.

entered an order reassigning the case to Judge Burke under the court's authority to manage its docket and promote the orderly and efficient disposition of cases as Judge Burke was assigned to the two substantially similar actions (*Ladinsky* and *Walker*) that were voluntarily dismissed. (*Eknes-Tucker*, 2:22-cv-184-RAH-SRW (M.D. Ala.), Doc. # 3).

Returning to Judge Burke's April 18, 2022 Order in *Walker*, courts have inherent authority to address lawyer conduct that abuses the judicial process.[5] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). These inherent powers include policing the court's docket through a wide range of appropriate remedies. *Warner v. Tinder, Inc.*, 675 F. App'x 945, 946 (11th Cir. 2017).

Counsel referenced above appeared in *Walker*, *Ladinsky*, and/or *Eknes-Tucker*. Each counsel is **ORDERED** to appear before a three-judge panel in **Courtroom 2F** of the Frank M. Johnson Jr. U.S. Courthouse on **May 20, 2022 at 9:30 A.M.** to allow the panel to inquire about the issues raised by counsel's actions.[6]

---

[5] So-called judge shopping abuses the judicial process and is universally condemned, as it tends to undermine trust in the court's impartiality. *See e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *Lane v. City of Emeryville*, 56 F.3d 71 (9th Cir. 1995); *Endo Pharms. Inc. v. Fed. Trade Comm'n*, 345 F. Supp. 3d 554, 566 (E.D. Pa. 2018). Moreover, judge shopping "doubtless disrupts the proper functioning of the judicial system and may be disciplined." *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 71 (D.P.R. 2004). "It is particularly important for a district utilizing a random selection process to jealously guard the integrity of the system from potential abuse which attempts to circumvent the process." *Murray v. Sevier*, No. 92-1073-K, 1992 WL 75212, at *1 (D. Kan. Mar. 13, 1992). In fact, the system of random case assignment is "well understood by both the bench and the bar to 'prevent judge shopping by any party, thereby enhancing public confidence in the assignment process.'" *United States v. Phillips*, 59 F. Supp. 2d 1178, 1180 (D. Utah 1999) (quoting *United States v. Mavroules*, 798 F. Supp. 61, 61 (D. Mass. 1992)). Further, the Eleventh Circuit has addressed why judge shopping is inappropriate. *See In re BellSouth Corp.*, 334 F.3d 941, 959 (11th Cir. 2003) ("We have no difficulty concluding that a contrivance to interfere with the judicial assignment process constitutes a threat to the orderly administration of justice. Every court considering attempts to manipulate the random assignment of judges has considered it to constitute a disruption of the orderly administration of justice."); *Robinson v. Boeing Co.*, 79 F.3d 1053 (11th Cir. 1996).

[6] *See In re Fieger*, 191 F.3d 451 (6th Cir. 1999) (three-judge court empaneled and held that an attorney's actions that circumvented the random case assignment rule "fully merited monetary sanctions, an apology, and a reprimand.").

The Clerk of Court is **DIRECTED** to serve a copy of this order on each referenced counsel.

In addition, the Clerk of Court is **FURTHER DIRECTED** to serve a copy of this order on Attorney General of Alabama Steve Marshall, Edmund Gerard LaCour Jr., Alexander Barrett Bowdre, James W. Davis, Thomas Alexander Wilson, and Benjamin Matthew Seiss. Although this proceeding will not be adversarial in nature, invited defense counsel may present any factual evidence they have that may assist the panel in determining whether there was any attempt to circumvent the random case assignment procedures of the United States District Courts for the Northern District of Alabama and the Middle District of Alabama.

**DONE** and **ORDERED** this the ___10th___ day of May 2022.

**W. KEITH WATKINS**
SENIOR UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF ALABAMA
(DESIGNATED BY CHIEF JUDGE EMILY C.
MARKS)

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF ALABAMA
(DESIGNATED BY CHIEF JUDGE L. SCOTT
COOGLER)

**JEFFREY U. BEAVERSTOCK**
CHIEF UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF ALABAMA

6