**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

---

| | | |
|---|---|---|
| *In re* **Amie Adelia Vague, et al.** | ) | Case No.:  2:22-mc-3977-WKW |
| | ) | (Middle District of Alabama) |

### ORDER

The parties having filed a Joint Submission (Doc. # 21), and the panel having considered the same, the preliminary proceeding in this matter will continue at **10:00 a.m. Central Daylight Time on August 3–4, 2022**, in Courtroom 2F of the Frank M. Johnson Jr. U.S. Courthouse in Montgomery, AL.  All counsel listed below will appear in person and give statements and answer questions under oath and subject to sequestration orders.  Nothing in this Order shall be construed in any way to limit the right of any attorney subject to this proceeding to have counsel present in the proceeding.

In order to streamline the proceeding, **on or before July 27, 2022**, the following attorneys **SHALL**, pursuant to 28 U.S.C. § 1746, file *in camera* with each member of the panel a declaration:

1.  Melody H. Eagan;
2.  Jeffrey P. Doss;
3.  Amie A. Vague;
4.  Brent P. Ray;
5.  Michael B. Shortnacy;
6.  Scott D. McCoy;
7.  Sarah Warbelow;
8.  James D. Esseks;
9.  Lynly S. Egyes;
10. Asaf Orr
11. Cynthia Weaver
12. Diego A. Soto;
13. Julie Veroff;
14. Valeria M. Pelet del Toro;
15. Kathleen R. Hartnett;
16. Jennifer L. Levi;
17. Tara Borelli;
18. Abigail Hoverman Terry;
19. Milo Inglehart;[1]
20. Carl Solomon Charles;[2] and
21. Shannon Minter

Each declarant **SHALL** make full, complete, and transparent disclosure of the declarant's participation in and knowledge of the following:

1. The actual or potential judicial assignments in *Ladinsky*, *Walker*, and/or *Eknes-Tucker*;

2. Any actions or decisions taken in the course of preparing to file *Ladinsky*, *Walker*, and/or *Eknes-Tucker* that relate to any actions or plans that were intended to cause, actually caused, or may have caused the assignment or reassignment to, or the actual or potential recusal of, any judge in the Northern or Middle Districts of Alabama;

---

[1] In addition to the subjects listed, Inglehart **SHALL** attach a copy of the Q&A sheet referenced at the May 20 proceeding.

[2] In addition to the subjects listed, Charles's declaration **SHALL** also address:

 a. Any and all communications (written or oral) in which you participated and/or about which you are aware that relate to the decision to mark *Walker* as related to *Corbitt*;

 b. The identity of anyone else involved in any way in deciding to mark *Walker* as related to *Corbitt* and implementing that decision, or efforts to have Judge Thompson handle the *Walker* case;

 c. Any and all actions in advance of the May 20, 2022 hearing in which you participated or about which you are aware that relate to any efforts to have Judge Thompson handle the *Walker* case;

 d. Any and all communications with any chambers staff about the *Walker* case, including but not limited to its purported relatedness to *Corbitt*; and

 e. Information about who discussed the idea of making, directed, or was aware of the phone call to Judge Thompson's chambers.

3. Any action or decision that relates to which parties to name in *Ladinsky*, *Walker*, and/or *Eknes-Tucker*, where to file each action, and all the reasons related to any such decision about who to name and where to file;

4. Any action or decision that relates to attempts to associate other law firms or the actual association of other law firms to work with counsel in *Ladinsky*, *Walker*, and/or *Eknes-Tucker*;

5. Any and all actions or decisions that relate to coordination and/or dismissal of the *Ladinsky* and *Walker* cases and the reasons for dismissal, including but not limited to (1) the conference call that occurred on April 15, 2022 and (2) any other communications between *Ladinsky* counsel and *Walker* counsel on that topic;

6. Any and all actions that relate to the decision to file *Eknes-Tucker* in the United States District Court for the Middle District of Alabama;

7. Any knowledge you have that relates to (1) preparation for the hearing in this matter (including circulation of any Q&A document), and (2) the questions expected to be asked or that were actually asked by the court at the May 20, 2022 hearing; and

8. The identity of each attorney, not included in the style of the original order, whom you are aware of being involved in any input, recommendation, decision, or strategy regarding any of the subjects referenced above and the details of each such person's involvement.

Counsel **SHALL NOT** share or discuss their personal declarations with any other attorney who is a subject of this inquiry. In addition, counsel are reminded that they **SHALL NOT** have any communications with anyone other than with their own counsel regarding any matters related to this Order or that were addressed by the court and counsel during the May 20, 2022 hearing.[3]

---

[3] The panel has received multiple requests for copies of the transcripts of the May 20, 2022 proceeding. In addition, counsel have requested that the panel "vacate[] the sequestration order." (Doc. # 21 at 4). At the start of the

3

As part of their respective declarations, counsel **SHALL** attest to their compliance with this Order and affirmatively indicate any non-compliance with this Order.

Finally, counsel **SHALL** preserve all communications, whether electronic, hard copy or other media, relating in any way to the above topics, and **SHALL** preserve all work product related in any way to the three court actions filed.

Counsel have raised concerns that the proceedings thus far have violated their right to due process under *United States v. Shaygan*, 652 F.3d 1297 (11th Cir. 2011). Counsel's concerns are misguided. The fundamental flaw in *Shaygan* was that "[t]he court at no time stated that it was considering sanctions against the individual prosecutors" before it entered a public reprimand against three Assistant United States Attorneys and asked for the contact information of the relevant disciplinary bodies for which two of those attorneys were licensed. 652 F.3d at 1309–10.

The *Shaygan* court delineated three due process requirements. First, "[d]ue process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why." *Id.* at 1318 (quoting *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)). Second, "the accused must be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions." *Id.* (quoting *Mroz*, 65 F.3d at 1575–76). Third, an attorney cannot be held responsible for the acts or omissions of others, including the actions of his superiors. *Id.* at 1319.

---

proceeding, which has not yet concluded, the panel invoked a modified version of Federal Rule of Evidence 615 to exclude certain attorneys from the hearing until they had completed their statements and been released by the panel. This step was taken so that those attorneys could not hear the statements of others before providing their own statement. The panel will continue to enforce the modified rule in this unique proceeding. Making transcripts publicly available prior to the conclusion of the proceeding would run counter to the purpose of sequestration. Moreover, the panel notified counsel that, prior to publicly releasing the transcripts, they would have the opportunity to designate portions of the transcripts that relate to either attorney work product or privileged matters so that those portions could be placed under seal.

The panel has complied with the mandates of due process and will continue to do so. Regarding fair notice, the panel notified counsel in the May 10, 2022 Order that "the conduct [Judge Burke] described in his Order [dismissing *Walker v. Marshall*, 5:22-cv-480-LCB (N.D. Ala.),] could be viewed as evidencing an intent to circumvent the practice of random case assignment in the District Courts for the Northern and Middle Districts of Alabama." (Doc. # 1 at 1–2). Moreover, the panel has already noted that it was considering remedies under its inherent authority, including formal charges if there is reason to believe counsel, in fact, have acted in bad faith and abused the judicial process. (*Id.* at 5).

The panel intends to continue to provide counsel with an opportunity to respond. The May 20, 2022 hearing was merely the first step in a process. The proceeding ordered here represents completion of that step by hearing from the remaining counsel who have been identified as involved in the decisions at issue. At the conclusion of the proceeding, the panel will decide whether briefing is required, and will in any event, after due deliberation, formally address the results of the inquiry at that point. The matter may thereafter be elevated to formal charges against a specific attorney or attorneys if the panel finds, upon consideration of the totality of the circumstances, cause to believe an attorney has or attorneys have acted in bad faith to abuse the judicial process or otherwise has or have acted unethically in a material way. Only at that point would the panel initiate formal charges.

Finally, the panel has not issued any sanction. Therefore, it follows that it has not held any individual responsible for the actions or omissions of another. Nor will it hold any individual responsible for the actions or omissions of another.

**DONE** and **ORDERED** this July 8, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE


**/s/** R. David Proctor
UNITED STATES DISTRICT JUDGE


/s/ Jeffrey U. Beaverstock
CHIEF UNITED STATES DISTRICT JUDGE