**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA**

---

|  |  |  |
|---|---|---|
| *In re* **Amie Adelia Vague,** *et al.* | } } } | **Case No. 2:22-mc-03977-WKW** |

## MOTION TO MODIFY GAG ORDER

The attorneys previously identified as "*Walker* Counsel" respectfully move this Panel to modify the final two sentences on page 3 of the Court's Order dated July 8, 2022 (doc. 22), which contain language that is overbroad, unreasonable, and infringes *Walker* Counsel's First Amendment rights.

1.      The Panel's July 8, 2022 Order (doc. 22 at 3-4) mandates as follows, with the portion for which Walker Counsel seek modification ("the Gag Order") highlighted:

> Counsel **SHALL NOT** share or discuss their personal declarations with any other attorney who is a subject of this inquiry. In addition, counsel are reminded that they **SHALL NOT** have any communication with anyone other than their own counsel regarding any matters related to this Order or that were addressed by the court and counsel during the

1

May 20, 2022 hearing. As part of their respective declarations, counsel **SHALL** attest to their compliance with this Order and affirmatively indicate any non-compliance with this Order.

2.      The Gag Order, as written, interferes with the undersigned counsel's effective representation of *Walker* Counsel, prevents *Walker* Counsel from providing any response to the public accusations made against them during this proceeding, and precludes ordinary and entirely non-objectionable communications about this matter with their loved ones, colleagues, and others.

3.      Instead, as set forth in the Proposed Order, the Panel should continue the gag order the Panel made to ensure sequestration at the end of the May 20, 2022 hearing:  individuals named in this proceeding and anyone else in attendance at the May 20 hearing shall not speak to other individuals named in this proceeding about the content of any testimony given at the hearing, except that individuals may discuss their own testimony with the undersigned and/or other retained counsel.[1]   In light of the Panel's new requirement for declarations from certain named individuals, *Walker* Counsel has no objection to extending that requirement to the content of

---

[1] Although the July 8, 2022 Order states that counsel are "reminded" of the terms of the Gag Order, the Gag Order is much broader than the Panel's oral order issued at the conclusion of the May 20, 2022 hearing.  The Panel's May 20, 2022 oral order is described here based on the undersigned counsel's memory of that hearing. Undersigned counsel has made multiple requests to review the transcripts of the May 20, 2022 hearing, but the Panel has to date refused to provide them. *See, e.g.*, doc. 22 at n.3.  Without the benefit of a written record, undersigned counsel has been limited to advising his clients to abide by the oral order as he remembers it.

declarations.     Beyond these limits, there is no reasonable or constitutional basis from barring *Walker* Counsel from speaking about this matter.

4.     Gag orders constitute a prior restraint of speech and, as such, are "the most serious and the least tolerable infringement on First Amendment rights." *See United States v. McGregor*, 838 F. Supp. 2d 1256, 1260 (M.D. Ala. 2012) (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)).   Gag orders are sometimes permitted where the exercise of First Amendment rights may imperil the right to a fair and impartial criminal trial. *Id.* at 1260-61.  In all events, a gag order that applies to attorneys or parties must be narrowly tailored to prevent a "substantial risk of material prejudice" by the decision-maker.  *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1077 (1991) (Rehnquist, C.J., dissenting in part); *United States v. Brown*, 218 F.3d 415, 427 (5th Cir. 2000).  This "test will rarely be met where the judge is the trier of fact, since trial judges often have access to inadmissible and highly prejudicial information and are presumed to be able to discount or disregard it." *Gentile*, 501 U.S. at 1077 (Rehnquist, C.J., dissenting in part); *see also Parker v. Judicial Inquiry Commission of Alabama,* 295 F. Supp. 3d 1292, 1302, 1311 (M.D. Ala. 2018) (Watkins, C.J.) (enjoining enforcement of an Alabama Canon of Judicial Ethics that proscribed public comment by a judge about a pending or impending proceeding where enforcing the canon "cannot reasonably be expected to affect the outcome or impair the fairness of a proceeding in Alabama").

3

5.     Before issuing a gag order to attorneys and parties, a court must consider (1) "whether the requested order is narrowly tailored"; and (2) "whether less burdensome alternatives would achieve the government's objective." *United States v. Carmichael*, 326 F. Supp. 2d 1267, 1293 (M.D. Ala. 2004). Gag orders must also provide sufficient notice of which speech is prohibited by the order and which is permissible. *See U.S. v. Brown*, 218 F.3d 415, 430 (5th Cir. 2000) (citing *Smith v. Goguen*, 415 U.S. 566 (1974)). Orders that are not sufficiently specific are void for vagueness. *Id.*; *Gentile*, 501 U.S. at 1051.

6.     The Gag Order, as set forth in the July 8, 2022 Order, is not narrowly tailored to prevent a substantial risk of prejudice to the decision-maker, ignores less burdensome alternatives including the oral sequestration order put in place at the May 20, 2022 hearing, and is vague.

7.     As an initial matter, the Gag Order does not specify whether it applies only to the 21 named individuals in the July 8, 2022 Order or to all *Walker* and *Ladinsky* Counsel who are subjects of this proceeding. Furthermore, as written, the Gag Order may apply to the following communications:

     a.     Discussions with other parties and non-parties about legal arguments to raise in *Walker* Counsel's defense;

4

    b.    *Walker* Counsel's group participation in meetings with undersigned counsel to discuss legal arguments to raise in their defense;[2]

    c.    Public or private statements by *Walker* Counsel concerning the existence of the public orders in this proceeding and the allegations made therein;

    d.    Statements by *Walker* Counsel denying the public allegations against them;

    e.    Disclosures or explanations of this proceeding on *Walker* Counsel's applications for admission or to practice *pro hac vice* in other federal courts;

    f.    *Walker* Counsel's communications with their partners or other loved ones about the status of and developments in this matter and/or their travel to Alabama on August 3-4 to testify before the Panel in this proceeding.

8.    The foregoing categories of communications are just a few examples of the Gag Order's overbreadth.

---

[2] As this scenario demonstrates, the Gag Order as written substantially hinders the ability of the undersigned counsel to effectively represent *Walker* Counsel by appearing to prohibit group communications with counsel concerning this proceeding that do not involve discussion of individual testimony.

9.     To the extent the Panel did not intend its Gag Order to apply to these communications, *Walker* Counsel seeks clarification as to the scope of the Gag Order to remedy its vague scope. *See Brown*, 215 F. 3d. at 430 ("A restraining order of any type is unconstitutionally vague if it fails to give clear guidance regarding the type of speech that an individual may not utter.").

10.     To the extent the Gag Order is intended to encompass these communications, or other communications beyond those encompassed by *Walker* Counsel's Proposed Order, it is plainly overbroad and bears no relationship to the Panel's ability to make an informed and impartial decision at the conclusion of this proceeding.

11.     Furthermore, the Gag Order applies to only the *Walker* Counsel and other named individuals in this proceeding, but does not apply to others who have participated in the process, such as the State of Alabama.  This incongruity permits public accusations of misconduct—such as those made in the Panel's May 10, 2022 Order against named individuals—but prevents *Walker* Counsel from providing any response, including to simply describe the nature and status of this proceeding, proclaim their innocence, or take other measures to protect their reputation against the charges that have been made against them. *See, e.g., Brown*, 218 F. 3d 415, 429-30 (5th Cir. 2000) (approving gag order that "left available to the parties various avenues of expression, including assertions of innocence").  Notably, this matter has

received coverage in national outlets and has been the basis for high-profile public accusations.  Under the Gag Order, *Walker* Counsel appear to be prohibited from responding.[3]

12.    The sole justification the Panel has given for the Gag Order, to the extent it has provided any, is the need to sequester witnesses and maintain the confidentiality of witness testimony.  *See* doc. 22 n.3 (explaining that sequestration "was taken so that those attorneys could not hear the statements of others before providing their own statement.").

13.    The Panel accomplished sequestration with the oral order it made during the May 20, 2022 hearing. The added condition that *Walker* Counsel not discuss the contents of their *in camera* declarations with *Walker* or *Ladinsky* Counsel will maintain sequestration without impermissibly abridging the freedom of speech.

---

[3] For example, The Hill published an article concerning this proceeding shortly after it was filed.  *See* Brooke Migdon, Lawyers challenging Alabama's gender-affirming care ban to answer questions about possible judge-shopping, The Hill (May 13, 2022), available at https://thehill.com/changing-america/respect/equality/3487990-lawyers-challenging-alabamas-gender-affirming-care-ban-to-answer-questions-about-possible-judge-shopping/.  Furthermore, Senator Grassley raised the existence of this proceeding during a Senate Committee on the Judiciary hearing on May 26, 2022 concerning President Biden's nomination of Nancy G. Abudu to the Eleventh Circuit Court of Appeals.  *See* Grassley Calls Out Extremist Judicial Nominees, Republican National Lawyers Association (May 27, 2022), available at https://www.rnla.org/grassley_judges.

14.     While *Walker* Counsel continues its objection to the appropriateness of sequestering parties under Rule 615 and intends to address those objections in a separate motion, understanding that the Panel intends to continue sequestration, *Walker* Counsel offers the attached Proposed Order and requests that the Panel replace and supersede its July 8, 2022 Gag Order with that Proposed Order.

*/s/ Barry A. Ragsdale*
Barry A. Ragsdale

**OF COUNSEL:**

**DOMINICK FELD HYDE, P.C.**
1130 22nd Street South, Suite 4000
Birmingham, Alabama 35205
Tel.:   (205) 536-8888
bragsdale@dfhlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.


*/s/ Barry A. Ragsdale*
OF COUNSEL