UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| *In re* Amie Adelia Vague, et al. ) | Case No. 2:22-mc-03977-WKW |

**AMIE ADELIA VAGUE'S MOTION TO RELEASE TRANSCRIPT**

At the hearing on May 20, 2022, the Panel ordered Amie Adelia Vague ("Ms. Vague") to testify under oath about this matter to a special master all while sequestered and without the presence of counsel. For the reasons set forth below, and in preparation for her upcoming declaration and August 3 and 4 hearing, Ms. Vague moves the Panel to release to her and her counsel a copy of the transcript of her testimony, which Ms. Vague and her counsel agree to not share with anyone else, including any witness or party to this matter.

**I.   This request is different from prior transcript requests.**

The Panel's Order of July 8, 2022, specified that the Panel "ha[d] received multiple requests for copies of the transcripts of the May 20, 2022 proceeding" and

that "counsel ha[d] requested that the panel 'vacate[] the sequestration order.'" Doc. 22 at 3 n.3 (quoting Doc. 21 at 4). In denying these requests, the Panel explained that it "invoked a modified version of Federal Rule of Evidence 615" to ensure that "attorneys could not hear the statements of others before providing their own statement." *Id*. at 4 n.3. The Panel reasoned that "[m]aking transcripts publicly available prior to the conclusion of the proceeding would run counter to the purpose of sequestration." *Id*.

    Ms. Vague is not, at this time, requesting a copy of the entire transcript from the May 20, 2022 proceeding. She is requesting a copy of the transcript of only *her own testimony*.[1] This request does not jeopardize the Panel's purpose for the sequestration order. Ms. Vague will share the transcript only with her counsel, and Ms. Vague and her counsel both agree not to share Ms. Vague's testimony with anyone else, including any party or witness to this proceeding. Thus, "attorneys [will] not hear the statement[] of [Ms. Vague] before providing their own statement," and the transcript will not be "publicly available." *Accord id.*

---

[1] Ms. Vague reserves and does not waive her right to seek all portions of the transcript to which she is ultimately entitled, including the entire transcript.

## II. The Panel should permit Ms. Vague to see a transcript of her own testimony.

Ms. Vague's request for a copy of her own testimony is not novel, and it is particularly significant now that the Panel has ordered her to file a declaration on the same subject matter by July 27, 2022. *See* Doc. 22 at 1–4. Parties and witnesses are routinely given access to their own prior statements or testimony in other contexts, and Ms. Vague should receive the same treatment. *See* Fed. R. Civ. P. 26(b)(3)(C) ("Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter."); Fed. R. Crim. P. 16(a)(1)(B) (criminal defendant entitled to her recorded statement, a written record of the substance of her statement to government agents, and to a transcript of her grand jury testimony). While the Panel is correct in calling this a "unique proceeding," it should not be so unique as to deprive Ms. Vague of a right like those given to parties and witnesses under the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. For illustration and comparison, below are some examples of where parties or witnesses are given the right to their own testimony or statements. The same rationales for these rules apply here, and the Panel should permit Ms. Vague to access her testimony.

A.  <u>Federal Rules of Criminal Procedure</u>

Although this is not a criminal proceeding, the Panel stated in its July 8 Order that this matter could "be elevated to formal charges" against any of the attorneys, including Ms. Vague. Doc. 22 at 5. The Panel has not clarified what these "formal charges" might be, but the possibility of any "charges" insinuates great risks to the attorney-parties in this matter.

Even in what could arguably be labeled as the most confidential of legal proceedings—a grand jury—a criminal defendant enjoys the right to her own grand jury testimony relating to the charged offense. There is no discretion on this point. If a criminal defendant requests a copy of her grand jury testimony, that request MUST be accommodated. *See* Fed. R. Crim. P. 16(a)(1)(B)(iii) ("Upon a defendant's request, the government ***must*** disclose to the defendant, and make available for inspection, copying, or photographing, all of the following: . . . (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.") (emphasis added).

A criminal defendant's right to obtain copies of her own prior statements is not limited to grand jury testimony. Upon request of the defendant, the government must provide "any relevant written or recorded statement by the defendant" that is within the government's control and that the government's attorney knows exists. Fed. R. Crim. P. 16(a)(1)(B)(i); *see also* Fed. R. Crim. P. 16(a)(1)(B)(ii) (requiring

4

the government to disclose "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent").

True, the present proceeding is "unique," and the Federal Rules of Criminal Procedure do not apply, but this proceeding should be fair. The Panel has already "invoked a modified version of Federal Rule of Evidence 615," and Ms. Vague respectfully requests the Panel invoke a modified version of Federal Rule of Criminal Procedure 16(a)(1)(B) to give her and her counsel access to her own sworn testimony that this Panel compelled her to give in secrecy and outside the presence of counsel.

B. Federal Rules of Civil Procedure

The Panel has not specified whether it believes the Federal Rules of Civil Procedure apply to this proceeding, but presumably they do (at least to some extent) because the Federal Rules of Civil Procedure apply in "all civil actions and proceedings in the United States district courts, except as stated in Rule 81."[2] Fed. R. Civ. P. 1. Whether or not the Panel believes the rules apply, at the very least, Ms. Vague respectfully requests the Panel invoke any of the rules of civil procedure that

---

[2] Similarly, disciplinary proceedings against lawyers in Alabama employ rules of civil procedure. *See* Ala. R. Disc. P. 3(b); *see also* Ala. R. Disc. P. 17(d) ("Discovery proceedings shall be conducted in accordance with the Alabama Rules of Civil Procedure.").

give parties or witnesses the right to obtain copies of their own testimony and prior statements.

For example, Federal Rule of Civil Procedure 30(e) provides that upon request, a deponent must be given the opportunity to review her deposition transcript and make any changes "in form or substance" to that transcript. Typically, deponents in civil cases do not face the possibility of "formal charges" associated with their testimony, yet the rules explicitly give them the right to review their own testimony. Ms. Vague, who is facing the possibility of formal charges, should at the very least enjoy the same rights of a deponent regarding her prior testimony that she was forced to give outside the presence of counsel.

As another example, Federal Rule of Civil Procedure 26(b)(3)(C) provides that "[a]ny party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter." The definition of "previous statement" includes exactly what Ms. Vague was required to give on May 20, 2022—"a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement." Fed. R. Civ. P. 26(b)(3)(C)((ii). To deny Ms. Vague a copy of a transcript of her own testimony would deprive her of a right that is given to any witness in a civil case who gives a statement or deposition.

C.  Federal Rules of Evidence

The Federal Rules of Evidence also give counsel access to documents and prior statements of witnesses. For example, Federal Rule of Evidence 613(a) provides that if a witness is examined about a prior statement,[3] on request, the examining party must show or disclose its contents to the attorney for the adverse party. Further, Federal Rule of Evidence 612 provides that writings may be used to refresh a witness's recollection. The Panel has ordered Ms. Vague and certain other counsel to "appear in person and give statements and answer questions under oath and subject to sequestration orders." Doc. 22 at 1. Assuming Ms. Vague's counsel is given the opportunity to ask her questions, her prior testimony would potentially be needed to refresh her recollection. And in the event the Panel may examine her about her prior testimony, Ms. Vague's counsel is formally requesting a copy of this testimony pursuant to Federal Rule of Evidence 613(a).

### III. Ms. Vague's attorneys are entitled to see a copy of her testimony.

In addition to Ms. Vague's right to have a copy of her own testimony, the testimony is also necessary for her attorneys to properly advise her in this proceeding. Ms. Vague faces the prospect of formal charges related to the subject matter of her prior testimony given without the presence of counsel, and now she

---

[3] The Court's order says for Ms. Vague to expect to be examined during the hearing on August 3 and 4. *See* Doc. 22 at 1.

has been ordered to provide a declaration under penalty of perjury—and potentially testify again at a subsequent hearing—on the same issues.

Ms. Vague's attorneys have an obligation under the Alabama Rules of Professional Conduct to be her zealous advocate, to advise her, to counsel her when she prepares her declaration, and to ensure that she is fully prepared to answer any questions the Panel may have on August 3 and 4, 2022. Ms. Vague's counsel was excluded when she gave her prior testimony, so having a copy of the transcript is critical in fulfilling their professional obligations to her.

For example, Ms. Vague's counsel wants Ms. Vague to review the transcript for unintentional errors, mistakes, or oversights. And if there are such errors, mistakes, or oversights, Ms. Vague can address these in her declaration or otherwise make them known to the court reporter, the Panel, or the special master. The transcript may also be necessary to refresh Ms. Vague's recollection regarding specific events before she prepares her declaration. The Panel has ordered Ms. Vague not to discuss her declaration with her co-counsel in the underlying litigation or any attorney subject of this inquiry (Doc. 22 at 3), so the transcript may be the only means available for Ms. Vague to ensure that she accurately remembers the events at issue.

In addition to needing the transcript to advise Ms. Vague before she prepares her declaration, it is also needed to prepare her for potential questions she may be

required to answer under oath on August 3 and 4, 2022. Any reasonably diligent attorney prepares his client before the client gives testimony, and it would arguably breach the standard of care if he did not. It would simply be unthinkable for this preparation to be done without reminding the client of her prior testimony on the same subject matter.

## Conclusion

For the reasons stated, Ms. Vague requests that the Panel order the court reporter from the May 20, 2022 proceeding to provide a copy of the transcript of Ms. Vague's testimony to Ms. Vague and her counsel by July 20, 2022. Ms. Vague and her counsel agree not to share the transcript with anyone else, including any witness or party to this matter.

                                                */s/ Samuel H. Franklin*

OF COUNSEL:
Samuel H. Franklin
*sfranklin@lightfootlaw.com*
M. Christian King
*cking@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　*/s/ Samuel H. Franklin*
　　　　　　　　　　　　　　　　　　　　OF COUNSEL