## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

*In re* **Amie Adelia Vague** *et al.*          **Case No. 2:22-mc-03977-WKW**

## <u>MOTION TO TERMINATE INQUIRY</u>

*Ladinsky* Counsel[1] respectfully move the Panel to terminate this inquiry as improvidently initiated. *Ladinsky* Counsel's voluntary dismissal of *Ladinsky* pursuant to Rule 41 of the Federal Rules of Civil Procedure, followed by the new filing of *Eknes-Tucker*, do not warrant an inquiry or possible formal charges. Judge Burke exceeded his authority in entering his April 18, 2022 order,[2] the *Ladinsky* Plaintiffs exercised their unconditional right to voluntarily dismiss their case under Federal Rule of Civil Procedure 41, and the wholly new set of plaintiffs in *Eknes-*

---

[1] Jeffrey P. Doss, Melody H. Eagan, and Amie A. Vague; Brent P. Ray, Michael B. Shortnacy, J. Andrew Pratt, Gilbert Oladeinbo, Misty L. Peterson, Adam Reinke, and Abigail Hoverman Terry; and Asaf Orr, Sarah Warbelow, Cynthia Weaver, Scott D. McCoy, Jessica L. Stone, and Diego Armando Soto (hereinafter referred to collectively as "*Ladinsky* Counsel").

[2] *Ladinsky* Counsel and their clients were not parties to or counsel in *Walker*, and had no standing to challenge or appeal from that order.

*Tucker* were free to later file their own case. As a result, this matter should be terminated.

<u>**Standard**</u>

This matter is predicated upon Judge Burke's order dated April 18, 2022 (*Walker v. Marshall*, No. 5:22-cv-00480-LCB, Doc. 24), and the Panel's invocation of its inherent powers "to address lawyer conduct that abuses the judicial process" (Doc. 1 at 5 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); Doc. 22 at 5 ("[T]he panel has already noted that it was considering remedies under its inherent authority, including formal charges if there is reason to believe counsel, in fact, have acted in bad faith and abused the judicial process."). Respecting the Panel's inherent powers,[3] case law cautions that "this power 'ought to be exercised with great caution.'" *Chambers*, 501 U.S. at 43 (quoting *Ex parte Burr*, 9 Wheat. 529, 531 (1824)); *accord id.* at 44 ("Because of their very potency, inherent powers must be exercised with restraint and discretion." (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980))); *see also Purchasing Power, LLC v. Bluestream Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) ("The key to unlocking a court's inherent power is a finding of bad faith."); *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) ("Invocation of a court's inherent power requires a finding of bad faith.").

---

[3] This inquiry is not the exercise by a trial court of its inherent power if indeed bad faith occurred in the proceedings before it. There have been no citations to authority that empowers a Panel to exercise "inherent power" over a matter that was not before it.

## **Argument**

I.    **Judge Burke exceeded his authority by entering his April 18, 2022 Order and directing service upon other federal judges and clerks.**

This inquiry bases its origin on April 18, 2022, when Judge Burke entered his Order closing the *Walker* case. (Doc. 1 at 1 ("This matter is before the undersigned on the April 18, 2022 Order entered by Judge Liles C. Burke . . . ."); Doc. 22 at 5.) Judge Burke felt the "[*Walker*] Plaintiffs' course of conduct could give the appearance of judge shopping." (*Walker*, Doc. 24 at 3.) He stated, "[t]he Court will closely monitor how this case proceeds," while directing the Clerk of Court to close the case. (*Id.*) Judge Burke then directed the Order to be served on all *Walker* counsel, the Chief Judges of all three Alabama federal district courts, and all three clerks of those courts. (*Id.* at 3-4.) The Order was entered after the *Walker* Plaintiffs and *Ladinsky* Plaintiffs[4] had each filed their separate notices of voluntary dismissal. (*See id.* at 2-3.) Judge Burke's actions exceeded his authority.

In *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987 (10th Cir. 2007), which was cited in Judge Burke's Order and thus known to him (*see Walker*, Doc. 24, n.3), the plaintiff filed a motion for voluntary dismissal under Rule 41(a)(2). Raising "the

---

[4] *Ladinsky v. Ivey*, No. 5:22-cv-0047-LCB, had also been assigned to Judge Burke at the time of his *Walker* Order. However, the Order was entered solely in *Walker*, not in *Ladinsky*; the Order was not served upon *Ladinsky* Counsel; and to the best of the undersigned counsel's knowledge, the Order was not known to *Ladinsky* Counsel to exist at the time *Eknes-Tucker* was filed. Judge Burke also entered a text order closing *Ladinsky* that did not reference any forum or judge shopping allegations. (*See Ladinsky v. Ivey*, No. 5:22-cv-0047-LCB, Doc. 17.)

specter of bad faith dismissal so that a more favorable forum can be sought," the court *sua sponte* imposed conditions on the dismissal, including that any newly filed action be returned to him. *Frank*, 992 F.3d at 992. The Tenth Circuit reversed the trial court's order, holding that the trial court was not permitted to impose such a condition on the plaintiff's voluntary dismissal, even though the defendant had defended the case for over a year at a cost of over $1,000,000:

> In any event, "forum shopping" is generally an improper basis for imposing conditions on a voluntary dismissal." *Am. Nat. Bank [& Turst Co. v. Bic Corp.*], 931 F.2d [1411,] 1412 [10th Cir. 1991]] ("The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved. Thus, there is no legal prejudice to defendant even if a trial is held in state court."); *Bechuck*, 814 F.3d at 299 (reversing district court's imposition of condition—similar to Condition 1 here—that any refiled suit be brought in the same court, because "the potential for forum-shopping does not count as legal prejudice" and "the possibility of tactical advantage should not justify the imposition of a refiling condition").

*Id.* at 1000.

By directing the order to be served on the Chief Judges and causing a judicial reassignment to him by another judge, Judge Burke effectively accomplished what the *Frank* court said was impermissible—the *Eknes-Tucker* lawsuit, filed by new plaintiffs who retained *Ladinsky* Counsel after *Ladinsky* had been dismissed, has returned to him despite being filed in a different district of the United States District Court of Alabama. *See Eknes-Tucker v. Marshall*, Case No. 2:22-cv-184-LCB, Doc.

4

3.[5] *Walker* and *Ladinsky* were closed immediately upon the filing of the voluntary dismissals, and Judge Burke had no jurisdiction to engage in further action.[6] *See* Fed. R. Civ. P. 41(a)(1)(A) (allowing dismissal without a court order). If Judge Burke believed that any lawyer had engaged in misconduct, he should have raised the issue through the procedures available to him in the Northern District and Middle District Local Rules (procedures which embrace a number of protections, including confidentiality and privilege). *See* Northern District of Alabama Local Rule 83.1(g)-(h); Middle District of Alabama Local Rule 83.1(i)-(j). Instead, he placed an improper condition on the voluntary dismissal of *Walker* and caused this inquiry. Because Judge Burke's order should never have been entered, it cannot be used as a basis for this Panel's inquiry. This inquiry is due to be terminated.

---

[5] If *Ladinsky* Counsel's voluntary dismissal was predicated on any desire to avoid Judge Burke, *Ladinsky* Counsel could have dismissed *Eknes-Tucker* after it was assigned to him. But *Ladinsky* Counsel did not. Instead, after *Eknes-Tucker* was assigned to Judge Burke, they proceeded before him without objection or issue. (To be clear, by filing this motion, *Ladinsky* Counsel is not seeking for *Eknes-Tucker* to be reassigned.)

[6] Although the Eleventh Circuit has held that a court retains jurisdiction after a Rule 41 voluntary dismissal to consider five different types of collateral issues, each of these collateral issues arose *before* the filing of the dismissal. *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1266 & n.5 (11th Cir. 2021), cert. denied, 142 S. Ct. 1413 (2022)). The undersigned counsel has not located any case law allowing the court to retain jurisdiction after a voluntary dismissal to consider sanctions based on the filing of the Rule 41(a)(1)(i) dismissal. Further, Judge Burke did not purport to retain or exercise collateral jurisdiction over either *Walker* or *Ladinsky*, and nothing occurred in the short time that *Walker* and *Ladinsky* were before Judge Burke that was raised by the *Walker* or *Ladinsky* defendants as "sanctionable conduct."

## II.   **The *Ladinsky* Plaintiffs properly exercised their right to dismiss their case voluntarily, and any alleged reasons for doing so are irrelevant.**[7]

The *Ladinsky* Plaintiffs exercised their right under Federal Rule of Civil Procedure 41 to voluntarily dismiss their case without prejudice before the defendants answered the complaint. The dismissal was also appropriate even if *Ladinsky* Counsel, at the time of dismissal, intended to file a new case with the same or different plaintiffs. Any alleged reasons for dismissing the *Ladinsky* complaint are irrelevant.

Rule 41(a)(1)(A)(i) "plainly grants a plaintiff the right to dismiss—without a court order—'an action' prior to a defendant serving 'either an answer or a motion for summary judgment.'" *Absolute Activist Value Master Fund Limited v. Devine*, 998 F.3d 1258, 1264 (11th Cir. 2021); *accord Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) ("It is well established that Rule 41(a)(1)(i) [sic] grants a plaintiff an *unconditional right* to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment.") (emphasis added); *Watkins v. Angels Trucking Services, LLC*, No. 20-0505-WS-MU, 2020 WL 7055496, at *3 (S.D. Ala. Dec. 2, 2020) (describing plaintiff's dismissal under Rule 41(a)(1)(A)(i) as "his absolute

---

[7]*Ladinsky* Counsel adopts and incorporates the arguments set forth in the *Walker* Counsel's Pre-hearing Submission (Doc. 3). This request was also set forth in the Joint Submission of the Parties dated May 24, 2022 (Doc. 21, ¶ 1), but these arguments are respectfully presented in motion form for the Panel's consideration.

right"); *Carrasquillo-Rodriguez v. United States*, No. 2:19-CV-526-WKW, 2019 WL 4281925, at *1 (M.D. Ala. Sept. 10, 2019) ("his right"). As the former Fifth Circuit stated in 1963:

> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. . . . That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

*Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).[8] "[R]ule 41(a)(1) means what it says," and "[d]efendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under [R]ule 41(a)(1) may do so by taking the simple step of filing an answer." *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977).

"A voluntary dismissal without prejudice 'renders the proceedings a nullity and leaves the parties as if the action had never been brought.'" *United States v. $70, 670.00 in U.S. Currency*, 929 F.3d 1293, 1303 (11th Cir. 2019) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)) (affirming denial of

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

attorney's fees to party against whom a forfeiture proceeding was dismissed without prejudice under Rule 41(a)(2)). In fact, "[t]he primary meaning of 'dismissal without prejudice'" in Rule 41(a) "is dismissal without barring the plaintiff from returning later, to the *same* court, with the *same* underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (emphasis added).

The Panel questions whether the dismissal of *Ladinsky* "evidenc[ed] an intent to circumvent the practice of random case assignment in the District Courts for the Northern and Middle Districts of Alabama." (Doc. 1 at 1-2.) *Ladinsky* Counsel dispute that anything was done in response to or in any way to manipulate the random case assignment procedures in the Northern District of Alabama. But, even if the Panel were to ultimately conclude that the dismissal of *Ladinsky* under Rule 41(a)(1) was done in part to avoid a specific judge, the dismissal was appropriate and no finding of bad faith should be made. A plaintiff is "entitled to file a valid Rule 41 notice of voluntary dismissal for *any reason*, and the fact that it did so to flee the jurisdiction or the judge does not make the filing sanctionable." *Wolters Kluwer Financial Services, Inc. v. Scivantage*, 564 F.3d 110, 115 (2d Cir. 2009) (emphasis added); *accord Ambrosia Coal and Construction Co. v. Pages Morales*, No. 99-07677, 2007 WL 9710667, at *2 (S.D. Fla. Aug. 2, 2007) ("[T]he plaintiff's motive for filing the notice is irrelevant." (citing *Thorp v. Scarne*, 599 F.2d 1169, 1177 n.10 (2d Cir. 1979))). "Court-ordered sanctions should be neither 'a

consequence' of a voluntary dismissal without prejudice nor a 'condition' placed upon such dismissal." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 292-93 (5th Cir. 2016) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396-97 (1990)). "Although forum-shopping is not a trivial concern, 'Rule 41(a)(1) essentially permits forum shopping.'" *Id.* at 293 (quoting *Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment Inc.*, 434 F.3d 320, 324 n.15 (5th Cir. 2005)).

For example, in *Wolters Kluwer*, the plaintiff voluntarily dismissed its lawsuit after "considerable discovery" had already occurred under orders of confidentiality, and the plaintiff then filed a "substantially identical" lawsuit in another district. The Second Circuit reversed the trial court's imposition of non-monetary sanctions even where the court found that counsel dismissed the case under Rule 41(a)(1)(i) in order to "judge-shop" and "conceal from [the attorneys'] client 'deficiencies in counsel's advocacy' that had been noted by the district judge." 564 F.3d at 115. Similarly, in *Bechuck*, the Fifth Circuit reversed court-ordered sanctions even where the plaintiff voluntarily dismissed its lawsuit only hours after the trial court had ruled that one of the defendants should be dismissed with prejudice. 814 F.3d at 292-93 (referring to plaintiffs' "unfettered right to dismiss actions under Rule 41(a)(1)"). Finally, in *Adams v. USAA Casualty Ins. Co.*, 863 F. 3d 1069, 1079, 1080 (8th Cir. 2017), the Eighth Circuit reversed sanctions that were imposed for dismissing and refiling a

case in a different forum to obtain a different ruling on the parties' class action settlement. The Court held that "stipulating to a dismissal under Rule 41(a)(1) for the purpose of forum shopping and avoiding an adverse result" was not "sanctionable conduct." *Id.* at 1080.

The *Ladinsky* Plaintiffs properly exercised their right to dismiss their case voluntarily, and there should be no inquiry and no charges imposed on *Ladinsky* Counsel.

### III.    *Eknes-Tucker* was filed by entirely different parties, each of which has his or her own ability to file meritorious claims.

Although after voluntarily dismissing their first case under Rule 41(a)(1), the *Ladinsky* Plaintiffs could have filed a new case in "the same court, with the same underlying claim," *Semtek Int'l Inc.*, 531 U.S. at 505, they and their counsel did not do so. Instead, their counsel filed a new case (*Eknes-Tucker*) for new plaintiffs in the Middle District. None of the plaintiffs in *Ladinsky* filed a new case. There is no overlap of plaintiffs among *Ladinsky* and *Eknes-Tucker*.[9] The *Eknes-Tucker* Plaintiffs have their own, independent standing to challenge the underlying Act, and each sued the Alabama officials who had the authority to enforce the Act against them.

---

[9] There is also no overlap of plaintiffs between *Walker* and *Eknes-Tucker.*

That fact makes *Ladinsky* and *Eknes-Tucker* materially different from five of the cases cited by the Panel (*see* Doc. 1 at 5 nn.5-6), all of which involved counsel filing two or more cases for the *same plaintiffs*. *See Hernandez v. City of El Monte*, 138 F.3d 393 (Hernandez and others filed first in the Central District of California and then in California Superior Court, merely shuffling the names of the parties); *Lane v. City of Emeryville*, 56 F.3d 71 (9th Cir. 1995) (Lane filed first in the Northern District of California, dismissed, "and then filed a second identical complaint"); *Endo Pharmaceuticals Inc. v. Federal Trade Commission*, 345 F. Supp. 3d 554 (E.D. Pa. 2018) (Federal Trade Commission filed first in the Eastern District of Pennsylvania, voluntarily dismissed, and then refiled in the Northern District of California); *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69 (D.P.R. 2004) (Suiza Dairy, Inc. and Vaqueria Tres Monjitas, Inc. filed first in the District of Puerto Rico, voluntarily dismissed, and then refiled in that same court on the same day); *In re Fieger*, 191 F.3d 451 (6th Cir. 1999) (Dr. Jack Kevorkian filed thirteen complaints on the same day and dismissed all but one before a particular judge). Additionally, *Eknes-Tucker* was never pending at the same time as *Ladinsky*. *Eknes-Tucker* was filed on April 19—four days after *Ladinsky* had been voluntarily dismissed on April 15. (*See Ladinsky* Doc. 17.) That makes *Eknes-Tucker* materially different from cases like *In re Fieger*, 191 F.3d 451, and *Murray v. Sevier*, No. 92-1073-K, 1992 WL 75212 (D. Kan. Mar. 13, 1992).

11

More broadly, counsel has not located any cases holding that counsel engaged in bad faith by bringing a new case on behalf of new plaintiffs after voluntarily dismissing a similar case on behalf of different plaintiffs. There was nothing to put these attorneys "on notice" that their conduct was improper in any way. Even in *Frank*, the Tenth Circuit found that putative class members, who were not yet parties and therefore not bound by a voluntary dismissal, had the right to file their own lawsuit in a different forum even if the purpose was to get a judge more favorable to class certification. *Frank*, 992 F.3d at 999–1002 (citing *Smith v. Bayer Corp.*, 564 U.S. 299 (2011)) ("If [plaintiff's counsel] could file a new suit with a new plaintiff in a new forum regardless of the outcome of the motion for voluntary dismissal, why would the motion for voluntary dismissal suggest bad faith?").

## Conclusion

Judge Burke exceeded his authority in entering his April 18, 2022 Order in *Walker* and directing it to be served on members of the federal judiciary and their clerks. The *Ladinsky* plaintiffs exercised their unconditional right to voluntarily dismiss their lawsuit under Rule 41, and any alleged reasons behind their decision do not change that result. Further, the wholly new set of plaintiffs in *Eknes-Tucker* were free to file their own case. Therefore, there is no basis for an inquiry or charges against *Ladinsky* Counsel, and *Ladinsky* Counsel respectfully ask this Panel to terminate this matter.

*/s/ Samuel H. Franklin*
One of the Attorneys for
Melody H. Eagan, Jeffrey P. Doss, and
Amie Adelia Vague

OF COUNSEL:
Samuel H. Franklin
*sfranklin@lightfootlaw.com*
M. Christian King
*cking@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (Facsimile)

*/s/ Jennifer H. Wheeler (w/permission)*
Bruce F. Rogers
Jennifer Hanson Wheeler
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The Luckie Building
600 Luckie Drive, Suite 415
Birmingham, Alabama 35223
Telephone:   (205) 879-1100
Facsimile:    (205) 879-4300
Email: brogers@bainbridgemims.com
            jwheeler@bainbridgemims.com

*Counsel for Brent P. Ray, Michael B.
Shortnacy, J. Andrew Pratt, Gilbert
Oladeinbo, Misty L. Peterson, Adam Reinke,
and Abigail Hoverman Terry*

/s/ Robert D. Segall (w/permission)
Robert D. Segall
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347
Phone: (334) 834-1180
Fax: (334) 834-3172
Email: segall@copelandfranco.com

*Counsel for Asaf Orr, Sarah Warbelow,
Cynthia Weaver, Scott D. McCoy, Jessica L.
Stone, and Diego Armando Soto*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 21, 2022, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

/s/ *Samuel H. Franklin*
Of Counsel