UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| *In re* Amie Adelia Vague, *et al.* | }<br>}<br>}   Case No. 2:22-mc-03977-WKW |

## MOTION FOR PROTECTIVE ORDER

The attorneys previously identified as "*Walker* Counsel"[1] hereby respectfully move this Panel for an order preventing the disclosure of any information related to their preparations with counsel for the May 20, 2022 hearing that is protected by the attorney-client privilege and the attorney work product doctrine, including the "Q&A document" referenced in the Panel's July 8, 2022 Order ("the Order"). Additionally, *Walker* Counsel hereby respectfully join the arguments raised in *Ladinsky* Counsel's Motion for Protective Order ("*Ladinsky* Motion for Protective

---

[1] *Walker* Counsel consists of twenty-one lawyers from the five following organizations: ACLU National, ACLU of Alabama, Lambda Legal, Transgender Law Center, and Cooley LLP.

1

Order," Doc. 27) and, for the reasons described therein, hereby request that the Panel issue an order that protects *Walker* Counsel from disclosing privileged communications or attorney work product in either their declarations or the testimony they may later give in this proceeding.  Attached hereto as **Exhibit 1** is the Declaration of James D. Esseks in Support of *Walker* Counsel's Motion for a Protective Order ("Esseks Decl.").

1. On May 10, 2022, the Panel initiated this action by issuing an Order that purported to describe, at a high level, certain actions by attorneys in three different cases and instructed thirty-eight attorneys to "appear before a three-judge panel . . . on May 20, 2022 at 9:30 A.M. to allow the panel to inquire about the issues raised by counsel's actions."  (Doc. 1 at 5.)

2. After receiving this Order, *Walker* Counsel engaged Barry Ragsdale of Dominick Feld Hyde, P.C.  (Esseks Decl. ¶ 5.)  Mr. Ragsdale filed his notice of appearance in this matter on May 12, 2022.  (Doc. 2.)  In connection with his representation of *Walker* Counsel and in preparation for the May 20 hearing, Mr. Ragsdale directed his clients, *Walker* Counsel, to prepare a document containing potential questions they believed the Panel might ask about the events described in the May 10 Order and answers to those questions.  (Esseks Decl. ¶ 7.)  The Q&A document was generated to provide Mr. Ragsdale with the information necessary to effectively represent *Walker* Counsel at the May 20 hearing, as well as to enable Mr.

Ragsdale to prepare any senior members of *Walker* Counsel who might be called to address the Panel. (*Id.* ¶ 8.)

3. At Mr. Ragsdale's direction, senior *Walker* Counsel generated a list of potential questions and answers based on their collective knowledge of the events leading up to the May 20 hearing. (*Id.* ¶ 9.) Senior *Walker* Counsel then discussed the Q&A document with Mr. Ragsdale for the purpose of obtaining legal advice and representation regarding the May 20 hearing. (*Id.* ¶ 10.) Finally, the night before the May 20 hearing, after discussing the Q&A document in person with Mr. Ragsdale in Montgomery, at Mr. Ragsdale's direction senior *Walker* Counsel circulated the Q&A document to the more junior *Walker* Counsel—who are also represented by Mr. Ragsdale—to solicit their input. (*Id.* ¶ 11.) Because *Walker* Counsel did not anticipate that junior *Walker* Counsel would be required to testify or otherwise address the Panel at the May 20 hearing, the Q&A document was not used to prepare junior *Walker* Counsel for any such circumstance. (*Id.* ¶ 12.) At the time the document was prepared and discussed, the parties were under no sequestration order from the Panel, and they believed that their communications with each other and their counsel would remain confidential. (*Id.* ¶¶ 13-14.)

4. On July 8, 2022, the Panel issued an Order requiring that 21 attorneys identified therein (the "Declarants") "file *in camera* with each member of the panel a declaration" that "make[s] full, complete, and transparent disclosure of" their

3

participation in and knowledge of" eight different topics. (Doc. 22 at 2-3.) The Order expressly instructs one of the *Walker* Counsel Declarants, Milo Inglehart, to "attach a copy of the Q&A sheet referenced at the May 20 proceeding." (*Id*. at 2 n1.)

5. As a general matter, both the attorney-client privilege and work product doctrines apply in miscellaneous proceedings like this one. *See* Fed. R. Evid. 1101(c) (providing that "[t]he rules on privilege apply to all stages of a case or proceeding" and confirming that the evidentiary rules regarding privilege apply to miscellaneous proceedings); *see also Johnson v. 27th Ave. Caraf, Inc.*, 9 F. 4th 1300, 1313 (11th Cir. 2021). Accordingly, because the July 8 Order requests information that is protected by the attorney-client privilege and the attorney work product doctrine, including the Q&A document, *Walker* Counsel seek a protective order to prevent such disclosure.

6. The "attorney-client privilege applies to 'confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.'" *In re Blue Cross Blue Shield Antitrust Litig.*, 2018 U.S. Dist. LEXIS 236926, at *31 (N.D. Ala. Jan. 25, 2018) (internal citations omitted). "The purpose of the attorney-client privilege is to encourage open and complete communication between a client and his attorney by eliminating the possibility of subsequent compelled disclosure of their confidential

4

communications." *United States v. Noriega*, 917 F.2d 1543, 1550 (11th Cir. 1990). "[O]nce a court determines that the matter sought falls within the scope of the privilege, it cannot order the matter disclosed unless it fits within some exception to the privilege." 26A C. Wight & A. Miller, Federal Practice & Procedure Evid. § 5690 (2022).

7.  The Q&A document is plainly protected by the attorney-client privilege. *Walker* Counsel intended the Q&A document to be a confidential communication with their counsel made for the purpose of obtaining legal advice and facilitating counsel's representation of *Walker* Counsel at the May 20 hearing.

8.  The attorney work product doctrine also protects from disclosure certain information concerning *Walker* Counsel's attorney's preparations for the May 20, 2022 hearing, including the Q&A document. The work product doctrine protects from disclosure "'documents . . . prepared in anticipation of litigation or for trial' by or for a party or for a party's representative." *Covey v. Colonial Pipeline Co.*, 336 F.R.D. 514, 519 (N.D. Ala. 2020). The work product protection "applies not only to documents prepared by attorneys, but to those prepared by parties themselves and/or other non-attorney representatives, as long as the documents are prepared in anticipation of litigation." *Brasfield & Gorrie, LLC v. Hirschfeld Steel Grp. LP*, 2021 U.S. Dist. LEXIS 224903, at *7 (N.D. Ala. Nov. 22, 2021).

9. The Eleventh Circuit has identified two categories of work-product immunity: fact work-product and opinion work-product. *See Cox v. Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994). Whereas fact work-product can be compelled upon a showing of substantial need and an inability to secure the material through other means, *see* Fed. R. Civ. P. 26(b)(3)(A)(ii), opinion work-product "enjoys a nearly absolute immunity," and is only discoverable in "very rare and extraordinary circumstances." *Id.* Indeed, "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

10. There is no question that the Q&A document includes not only fact work product, but also opinion work-product, as it is "material that reflects an attorney's mental impressions, conclusions, opinion, or legal theories" that was prepared in anticipation of litigation. *See Cox*, 17 F.3d at 1422. The Q&A document was prepared at the express direction of, in coordination with, and with input from *Walker* Counsels' attorneys in anticipation of the May 20 hearing, the Panel's ongoing investigation of *Walker* Counsel, and any subsequent litigation that results from the investigation. (Esseks Decl. ¶¶ 6-12.)

11. Given that the Q&A document is protected by both the attorney client privilege and attorney work product doctrine, *Walker* Counsel hereby respectfully request that the Panel enter an order preventing its disclosure.

12. Although the Panel has indicated that it intends to review the Q&A document *in camera* (Doc. 22 at 1), such review does not resolve the matter and is not appropriate here. Federal courts conduct *in camera* reviews ***only*** when there has been a threshold showing of "'a factual basis adequate to support a good faith belief by a reasonable person'" that an exception to the attorney-client privilege applies. *United States v. Zolin*, 491 U.S. 554, 572, 574-75 (1989); *see also In re Zantac Rantidine Prod. Liab.*, 2021 U.S. Dist. LEXIS 257385, at *171 (S.D. Fla. June 1, 2021) (discussing the "threshold showing" required to justify *in camera* review). Courts are rightly cautious because *in camera* review "tends seriously to erode the working of our adversarial system of dispute resolution." *Ely v. F.B.I.*, 781 F.2d 1487, 1492 (11th Circ. 1986).

13. Here, there is no basis to believe that the attorney-client privilege or the work product doctrine do not apply. The only pertinent evidence in the record—that the Q&A document was prepared for counsel and by counsel through direct communications with clients—does not in any way meet the threshold for *in camera* review. *See, e.g.,* Esseks Decl. ¶¶ 6-13, 15.

14. Moreover, the Panel must further consider "the facts and circumstances of the particular case" in weighing whether to conduct *in camera* review. *Zolin*, 491 U.S. at 572. The circumstances here, where the very same Panel that will ultimately decide whether this matter will "be elevated to formal changes against [] specific"

attorneys (Doc. 22 at 5) would *also* review the strategy, mental impressions, and thought processes of counsel for those attorneys, present an irreconcilable conflict. Accordingly, *in camera* review under these circumstances would be inconsistent with the core function of the attorney client privilege, the attorney work product doctrine, as well as basic norms of due process and fairness.

15. For the reasons stated above, *Walker* Counsel respectfully request that the Panel issue a protective order preventing the disclosure of privileged communications and attorney work product contemplated by the Panel's Order, including the "Q&A document" referenced therein.

16. *Walker* Counsel also respectfully join the arguments raised in the *Ladinsky* Motion for Protective Order (Doc. 27),[2] and request that the Panel issue a protective order that protects *Walker* Counsel from disclosing privileged communications or attorney work product in either their declarations or the testimony they may later give in this proceeding.

---

[2] Although the *Ladinsky* Motion for Protective Order focuses on the common interest doctrine, *Walker* Counsels' communications with each other and with their jointly retained counsel are protected by the co-client doctrine. *See Teleglobe Communs. Corp. v. BCE, Inc.*, 493 F.3d 345, 363 (3d Cir. 2007) ("When co-clients and their common attorneys communicate with one another, those communications are 'in confidence' for privilege purposes. Hence the privilege protects those communications from compelled disclosure to persons outside the joint representation.")

                                              */s/ Barry A. Ragsdale*
                                              Barry A. Ragsdale

**OF COUNSEL:**

**DOMINICK FELD HYDE, P.C.**
1130 22nd Street South, Suite 4000
Birmingham, Alabama 35205
Tel.:   (205) 536-8888
bragsdale@dfhlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on July 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.

                                            */s/ Barry A. Ragsdale*
                                            OF COUNSEL