UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| *In re* **Amie Adelia Vague**, *et al.* | Case No. 2:22-mc-03977-WKW |

## JOINT MOTION TO STAY PROCEEDINGS

The *Ladinsky* Counsel[1] move the Panel to stay the July 27, 2022 deadline for the Declaring Parties[2] to submit declarations to the Panel and the hearing set for August 3–4, 2022. A stay is appropriate because there are pending before the Panel a Motion to Release Transcripts, Motion for Protective Order, and Motion to Terminate Inquiry that present issues that should be determined prior to any further proceedings. A stay will not prejudice the Panel while preserving the *Ladinsky* Counsel's rights and honoring ethical and legal obligations to their clients.

## Introduction

The Panel's Order of July 8, 2022, requires the Declaring Parties (and all attorneys in this case) to disclose information that is protected by attorney-client privilege, the work-product

---

[1] The *Ladinsky* Counsel for this motion are Amie Adelia Vague, Jeffrey P. Doss, Melody H. Eagan, Abigail Hoverman Terry, Adam Reinke, Asaf Orr, Brent P. Ray, Cynthia Weaver, Diego Armando Soto, Gilbert Oladeindo, J. Andrew Pratt, Jennifer L. Levi, Jessica L. Stone, Michael B. Shortnacy, Misty L. Peterson, Sarah Warbelow, Scott D. McCoy.

[2] The Declaring Parties for this motion are Amie Adelia Vague, Jeffrey P. Doss, Melody H. Eagan, Abigail Hoverman Terry, Asaf Orr, Brent P. Ray, Cynthia Weaver, Diego Armando Soto, Jennifer L. Levi, Michael B. Shortnacy, Sarah Warbelow, and Scott D. McCoy.

doctrine, and the common-interest doctrine. In the interim and in advance of the August 3–4 hearing, some or all of the *Ladinsky* Counsel have moved for a release of transcripts from the Panel's May 20 hearing, moved for a protective order, and moved to terminate the proceedings. *See* [Docs. 24-25, 27, 32] (collectively, "the Pending Motions"). The *Ladinsky* Counsel, including the Declaring Parties, ask the Panel to stay further proceedings and deadlines until the Panel resolves the Pending Motions. Resolution of the Pending Motions may terminate this inquiry or, alternatively, streamline the proceedings before the Panel, to the extent the Panel orders proceedings to continue, to promote justice and judicial economy.

## **Argument**

The panel has the power to stay this proceeding. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, the Panel should apply the same legal standard courts apply when deciding whether to stay proceedings pending resolution of issues in a separate forum.

> This Court has identified the following as factors to consider in determining whether to exercise its inherent discretionary authority to stay a case in light of proceedings in another forum: (1) whether the federal litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-movant; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and the court.

*F Fam. S., LLC v. Baldwin Cnty., Alabama*, No. CV 20-0612-WS-N, 2021 WL 6052922, at *3 (S.D. Ala. Oct. 4, 2021) (citing *Green v. Roberts*, No. 10-0481-WS-M, 2010 WL 5067442, at *2 (S.D. Ala. Dec. 6, 2010)). These reasons counsel in favor of a stay.

First, these proceedings are not governed by a deadline or fixed schedule. Indeed, the Panel has held only a single hearing and a status conference. The Panel is still at an initial inquisitional stage to determine whether further proceedings are necessary. A stay will not unduly disrupt these proceedings.

No one will suffer prejudice or disadvantage due to the stay, and the resolution of the Pending Motions will either terminate the inquiry entirely or simplify issues and streamline proceedings. The issues of privilege, procedure, and due process raised in the Pending Motions certainly do not hinder the Panel's objectives. The *Ladinsky* Counsel will also have a better understanding of the Panel's expectations and of the materials the Panel believes necessary to conduct its review (should the Panel decide the proceedings need to continue further), thus permitting the *Ladinsky* Counsel to provide appropriate information the Panel requires for its decisions.

Finally, staying the proceedings pending the Panel's decision on the Pending Motions will reduce extraneous argument and litigation. The Pending Motions ask the Panel to resolve issues necessary for the *Ladinsky* Counsel to prepare properly. Without further guidance from the Panel, the *Ladinsky* Counsel will remain in an uncertain state as to the Panel's expectations of the evidence it seeks, which may lead to the Parties having to seek protections or to object regarding issues or materials that the Panel did not intend for the *Ladinsky* Counsel to provide (*e.g.*, privileged conversations or materials). Moreover, if the Panel grants the *Ladinsky* Counsel's motion to terminate proceedings, the declarations and upcoming hearing will be unnecessary.

## Conclusion

For the reasons above, the *Ladinsky* Counsel and the Declaring Parties ask the Panel to stay the July 27 deadline for declarations and the August 3–4 hearing until the Panel resolves the Pending Motions.

/s/ Samuel H. Franklin
One of the Attorneys for
Melody H. Eagan, Jeffrey P. Doss, and
Amie Adelia Vague

OF COUNSEL:
Samuel H. Franklin

3

*sfranklin@lightfootlaw.com*
M. Christian King
*cking@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (Facsimile)

                                                      */s/* Jennifer H. Wheeler
                                                      One of the Attorneys for
                                                      Gilbert Oladeinbo, Misty L. Peterson, J. Andrew Pratt, Brent P. Ray, Adam Reinke, Michael B. Shortnacy, and Abigail Hoverman Terry

OF COUNSEL:
Bruce F. Rogers
*brogers@bainbridgemims.com*
Jennifer Hanson Wheeler
*jwheeler@bainbridgemims.com*
BAINBRIDGE, MIMS, ROGERS & SMITH, L.L.P.
The Luckie Building
600 Luckie Drive, Suite 415
Birmingham, Alabama 35223
(205) 879-1100
(205) 879-4300 (Facsimile)

                                                     */s/* Robert D. Segall
                                                    One of the Attorneys for
                                                    Asaf Orr, Sarah Warbelow, Cynthia Weaver, Jennifer L. Levi, Scott D. McCoy, Jessica L. Stone, and Diego Armando Soto

OF COUNSEL:
Robert D. Segall
*segall@copelandfranco.com*
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347
(334) 834-1180
(334) 834-3172 (Facsimile)

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2022, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

/s/ *Robert D. Segall*
Of Counsel