## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

---

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

---

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

---

*In re* **Amie Adelia Vague,** *et al.*

}
}
}   **Case No. 2:22-mc-03977-WKW**

## MOTION TO RECONSIDER ORDER DENYING COUNSEL
## ACCESS TO COURT TRANSCRIPTS

*Walker* Counsel,[1] by and through their undersigned counsel, respectfully move this Panel to reconsider its Order dated July 8, 2022 (Doc. 22), which, *inter alia*, denied the parties' joint request to access transcripts of the May 20, 2022 proceeding.  Reconsideration is appropriate because the Panel appears to have understood the parties' request as one to "mak[e] transcripts publicly available." Doc. 22 at 3-4 n.1.  However, the parties made no such request.  To the contrary, the attorneys representing *Walker* Counsel seek access to the transcripts on a

---

[1] *Walker* Counsel consists of twenty-one lawyers from the five following organizations: ACLU National, ACLU of Alabama, Lambda Legal, Transgender Law Center, and Cooley LLP.

confidential "ATTORNEYS' EYES ONLY" basis, to assist them in representing their clients in these proceedings.

1.      On May 10, 2022, the Panel ordered *Walker* Counsel and *Ladinsky* counsel to appear in person at a hearing scheduled for 10 days later "to allow the panel to inquire about the issues raised by counsel's actions."  Doc.1 at 5.  At the May 20, 2022 hearing, fifteen members of *Walker* Counsel (including Milo Inglehart and Carl Charles) were compelled to provide sworn testimony about their involvement in and knowledge of the attorneys' legal strategy and decision-making process in initiating *Walker*, *Ladinsky*, and *Eknes-Tucker*.  *See id.*  Other subjects of the inquiry were excluded from the courtroom while that testimony was taken, under what this Panel has referred to as "a modified version of Federal Rule of Evidence 615."  Doc. 22 at 4 n.3.  Some witnesses testified before the Panel; others testified before a Special Master.  Witnesses who testified before the Special Master were not permitted to have counsel present.

2.      On June 17, 2022, the Panel held a status conference.  No additional testimony was taken at that time.  The Panel ordered the parties to submit a consolidated statement outlining a procedure for concluding this matter by June 24, 2022.  Doc. 19.  The parties did so.  Doc. 21.  The parties argued that the inquiry should be concluded and dismissed based on the testimony given at the May 20 hearing and the authorities previously cited.  *Id.*  If the Panel disagreed, the parties

advocated for the following: (1) dismissal of the non-decisionmaker subjects of this proceeding; (2) copies of all transcripts of the May 20 and June 17 proceedings, on the condition that the transcripts would not be shared beyond the parties and their counsel; (3) vacatur of the sequestration order; (4) sealed submission of declarations and briefs explaining the facts, how decisions were made with respect to the filing and dismissal of the lawsuits at issue, and law applicable to the concerns outlined in the May 10 Order; and (5) oral argument, if the Panel deemed it necessary. *Id.* If the Panel determined that additional questioning was necessary, the parties insisted that their Due Process rights be respected. *Id.*

3.      On July 8, 2022, the Panel issued an Order setting a continuation of the May 20 hearing for August 3 and 4, 2022. Doc. 22. The Panel ordered 21 individual attorneys to appear in person and give statements and answer questions under oath and subject to sequestration. The Panel further ordered those 21 attorneys to submit declarations *in camera* concerning their participation in and knowledge of eight enumerated topics related to the *Ladinsky*, *Walker*, and *Eknes-Tucker* lawsuits. The Panel ordered *Walker* Counsel Milo Inglehart and Carl Charles to provide specific additional information. The July 8 Order included gag and preservation orders and rejected the parties' Due Process challenge to the prior proceedings. Finally, the Panel denied access to the transcripts of the May 20 hearing.

4.     A motion for reconsideration may be granted where "necessary to rectify clear error, prevent injustice, or ensure the efficient administration of the case." *McGuire v. Murphy*, 285 F. Supp. 3d 1272, 1278 (M.D. Ala. 2018); *see also, e.g.*, *Fletcher v. City of Madison*, 2021 WL 5759752, at *1 (N.D. Ala. Dec. 3, 2021) (reconsideration is appropriate where the court has misunderstood a party's request).

5.     Here, the Panel denied "multiple requests for copies of the transcripts of the May 20, 2022 proceeding," reasoning that "[m]aking transcripts publicly available prior to the conclusion of the proceeding would run counter" to the Panel's unique sequestration procedure, "a modified version of Federal Rule of Evidence 615." [2]   Sequestration had been invoked to prevent the individuals who are the subjects of this proceeding from hearing the statements of other such subjects prior to making their own statements.  Doc. 22 at 3-4 n.3.

6.     The July 8 Order does not detail the parties (or non-parties) who made the "multiple requests" for the transcripts, or the nature or scope of those requests. To the extent *Walker* Counsel's request was among those considered and denied, the Panel appears to have misunderstood it as seeking to make the transcripts public.  To

---

[2]     By its terms, Federal Rule of Evidence 615 "does not authorize excluding a party who is a natural person."  Fed. R. Evid. 615(a).  The Panel "modified" that Rule by excluding parties who are natural persons. *See* Comment to Fed. R. Evid. 615 ("Exclusion of persons who are parties would raise serious problems of confrontation and due process. Under accepted practice they are not subject to exclusion.").

the contrary, *Walker* Counsel sought the transcripts on a confidential basis.[3]  Counsel

was not permitted to be present when certain *Walker* Counsel were required to testify

before a Special Master on May 20.  Since the May 20 hearing, *Walker* Counsel have

engaged additional outside counsel (*e.g.*, Docs. 29, 30, 21, 33), none of whom were

privy to any of the in court statements or testimony given on May 20, 2022.

7.    In order to further address the Panel's concerns, *Walker* Counsel

respectfully request that their attorneys be provided the relevant transcripts on an

**ATTORNEYS' EYES ONLY** basis, with the express understanding that the

transcripts will not be shared with their clients or with any other persons.[4]

8.    The Panel's denial of access to the transcripts prejudices both *Walker*

Counsel and their attorneys.  Accordingly, reconsideration is warranted to correct

clear error and prevent an injustice.  Denying *Walker* Counsel's attorneys access to

the transcripts intrudes on the attorney-client relationship.  In particular, it interferes

---

[3]    The parties' June 24, 2022 request was:

The Panel provides only the Parties with copies of all transcripts of all proceedings that occurred on May 20, 2022 and June 17, 2022, on the condition that the Parties' counsel will not share the transcripts with anyone other than their clients so as to protect the confidentiality of any attorney work product information in the testimony. (Doc. 21 at 4).

[4]    *Walker* Counsel have separately joined Amie Adelia Vague's Motion to Release Transcript (Doc. 24), and have requested that Milo Inglehart and Carl Charles be permitted to review ***solely*** their own prior testimony. (Doc. 26). Obviously, if that separate motion is granted, Inglehart and Charles would continue to be bound by the Panel's sequestration order and would not share any portion of their testimony with anyone except with their own attorneys.

with their attorneys' ability to effectively represent their clients and with *Walker* Counsel's right to receive effective counsel. Just like attendance at all court hearings, access to transcripts of relevant court proceedings is foundational to the ability of counsel to effectively represent their clients. Without access to the transcripts, counsel cannot ascertain what their clients or the Panel said at the hearing and therefore cannot adequately prepare their clients for testimony at the upcoming hearing, cannot meaningfully advise their clients, and cannot develop a comprehensive legal strategy on behalf of their clients, as they are bound by the rules of professional conduct to do.

9. Denying *Walker* Counsel's attorneys access to the transcripts raises serious Constitutional concerns. It implicates *Walker* Counsel's Due Process rights, and may also implicate their Sixth Amendment right to effective assistance of counsel.[5]

10. On the other side of the ledger, releasing the transcripts on an ATTORNEYS' EYES ONLY basis will not undermine the Panel's sequestration

---

[5] To be clear, this is not a criminal proceeding. However, the Panel indicated in its July 8 Order that "formal charges" may follow. To the extent the Panel is referring to disciplinary charges, the rules that may govern such proceedings plainly contemplate access to counsel. *See, e.g.,* Rules Governing Attorney Discipline in the U.S. Court of Appeals for the Eleventh Circuit, at Rule 3D, Rule 9C, Rule 12.

order.   Attorneys for *Walker* Counsel will obviously not disclose individuals' testimony to subjects of this proceeding or others.[6]

## CONCLUSION

For the foregoing reasons, *Walker* Counsel respectfully request that the Panel reconsider its July 8 Order and allow confidential "attorneys' eyes only" access to the transcripts of the May 20, 2022 hearing.


*/s/ Barry A. Ragsdale*
Barry A. Ragsdale


**OF COUNSEL:**

**DOMINICK FELD HYDE, P.C.**
1130 22nd Street South, Suite 4000
Birmingham, Alabama 35205
Tel.:   (205) 536-8888
bragsdale@dfhlaw.com

---

[6]   Counsel in civil cases routinely access confidential information on an "attorney's eyes only" or "outside attorney's eyes only" basis in the context of protective orders, and this matter should be no different.   *See, e.g.*, *Trammell v. Amdocs, Inc.*, No. 15-cv-1473, "Protective Order," at Doc. 26 (Feb. 2, 2017), Proctor, J. (issuing protective order pursuant to Fed. R. Civ. P. 26 for review of confidential material on an "Attorneys' Eyes Only" basis).

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.


*/s/ Barry A. Ragsdale*
OF COUNSEL