**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

---

*In re* **Amie Adelia Vague, et al**          )          **Case No. 2:22-mc-03977-WKW**

## JOINDER TO MOTION TO TERMINATE INQUIRY

The attorneys previously identified as "*Walker* Counsel"[1] hereby respectfully join *Ladinsky* Counsel's Motion to Terminate Inquiry ("*Ladinsky* Motion to Terminate," Doc. 32).

The Panel's July 8, 2022 Order makes clear that the Panel contemplates possibly sanctioning *Walker* Counsel for actions related to their filing and voluntary dismissal of the *Walker* complaint. *See* Doc. 22 at 5. For the reasons explained in

---

[1]    *Walker* Counsel comprises twenty-one lawyers from the following five entities: ACLU National, ACLU of Alabama, Lambda Legal, Transgender Law Center, and Cooley LLP.

the *Ladinsky* Motion to Terminate, Doc. 32,[2] *Walker* Counsel's actions are not sanctionable, and this inquiry should end. *Walker* Counsel join the *Ladinsky* motion and move to terminate this inquiry. *Walker* Counsel respectfully submit this short statement of additional reasons in support of that motion.

## ARGUMENT

### I.   *Walker* Plaintiffs' Exercise of Their Right To Voluntary Dismissal Under Rule 41(a)(1) Cannot Support This Inquiry.

The voluntary dismissal of *Walker* cannot support inquiry, sanctions, or discipline against *Walker* Counsel. The July 8 Order repeatedly attempts to probe why *Walker* Counsel voluntarily dismissed the *Walker* case under Rule 41(a)(1)(A)(i). *See* Doc. 22. But as a matter of law the answer to that question is immaterial; regardless of why *Walker* Counsel voluntarily dismissed, a voluntary dismissal in these circumstances cannot support any sanction or other disciplinary action against *Walker* Counsel, who filed the voluntary dismissal and thereafter did not refile any challenge to Alabama's felony healthcare ban.

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff has an absolute right to voluntarily dismiss without prejudice if the notice of voluntary dismissal is filed "before the opposing party serves either an answer or a motion for

---

[2]   *Walker* Counsel join the *Ladinsky* Motion to relieve the Panel of the burden of repetitious motions. *Walker* Counsel had no role in the preparation or filing of the *Ladinsky* Motion to Terminate.

summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).  That right is "unconditional." *Pilot Freight Carriers, Inc. v. Int'l Brotherhood of Teamsters*, 506 F.2d 914, 915 (5th Cir. 1975) (rejecting argument that Rule 41(a)(1) dismissal is unavailable to a plaintiff who has argued and lost a motion for a preliminary injunction); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding all 5th Circuit precedents prior to October 1, 1981).  The ability to voluntarily dismiss before an answer or motion for summary judgment "is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court."  *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).  "There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play."  *Id.*; *see also* Wright & Miller, Federal Practice and Procedure §2363 (similar).

There is no doubt that the *Walker* dismissal occurred before an answer or motion for summary judgment was filed.  That is the end of the matter.  Rule 41(a)(1) "means what it says."  *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). And as multiple courts of appeal have recognized, because the "reason for the dismissal is irrelevant under Rule 41(a)(1)," *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1080 (8th Cir. 2017), the Rule "essentially permits forum shopping," *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016), and "the plaintiff is free to return to the dismissing court or other courts at a later date with the same

claim," *Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment Inc.*, 434 F.3d

320, 324 (5th Cir. 2005).[3]

Moreover, even if avoiding a certain judge or jurisdiction were the reason for

a voluntary dismissal, that is not sanctionable.  For example, in *Adams*, the Eighth

Circuit reversed the imposition of sanctions because stipulating to a dismissal "for

the purpose of forum shopping and avoiding an adverse result" was not

"sanctionable conduct."   863 F.3d at 1080-81.   Similarly, in *Wolters Kluwer*

*Financial Services, Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009), the Second

Circuit overturned Rule 11 sanctions imposed on lawyers who voluntarily dismissed

a lawsuit under Rule 41(a)(1)(A)(i) for the specific purpose of refiling in another

court.   The district court had found that the "main purpose" of the voluntary

dismissal was to "judge-shop."   *Id.*   The Second Circuit held that the plaintiff's

attorneys were "entitled to file a valid Rule 41 notice of voluntary dismissal for any

---

[3]   Judge Burke's April 18, 2022 Order cited *Frank v. Crawley Petroleum Corp.*,
992 F.3d 987, 1001 (10th Cir. 2021) for the proposition that "judge shopping" is
"a particularly pernicious form of forum shopping."  N.D. Ala. No. 22-cv-480-
LCB, Doc. 24 at 3.  However, Judge Burke omitted a critical part of the quoted
sentence from *Frank*, which makes clear that "judge shopping"—whether
pernicious or not—is ***permissible***:   "Judge shopping may be a particularly
pernicious form of forum shopping, ***but it too is a necessary consequence of***
***Bayer***," *Frank*, 992 F.3d at 1001 (citing *Smith v. Bayer Corp.*, 564 U.S. 299
(2011) (emphasis added)).  The only other authority cited by Judge Burke in his
April 18, 2022 Order is *United States v. Haldeman*, 559 F.2d 31, 134 (D.C. Cir.
1976) (per curiam), which concerns the standard for judicial recusal—an issue
that never arose in *Walker*.

reason, and the fact that [they] did so to flee the jurisdiction or the judge d[id] not make the filing sanctionable." *Id.* at 115. *See also Frank v. Crawley Petroleum Corp.*, 992 F.3d 987 (10th Cir. 2021) (holding that district court improperly imposed conditions on Rule 41(a)(2) dismissal because "'forum shopping' is generally an improper basis" for doing so).

The same reasoning applies here. Even assuming *Walker* Counsel dismissed the *Walker* complaint solely based on their views of a particular judge or forum, that would be permitted under the terms of Rule 41(a)(1)(A)(i) and multiple courts' applications of that Rule. There is no "judge-shopping" exception to the rule that the reason for dismissal is "irrelevant" to the self-executing dismissal provided for in Rule 41(a)(1)(A)(i), *Adams*, 863 F.3d at 1080. *E.g.*, *Bechuck*, 814 F.3d at 293. Sanctioning *Walker* Counsel for dismissing the *Walker* complaint—whatever their reason—would undermine the unconditional nature of a plaintiff's right to dismiss under Rule 41(a)(1)(A)(i).

Even if this Panel were inclined to conclude that voluntary dismissal followed by re-filing in another jurisdiction is sanctionable—a premise that at least two courts of appeals have explicitly rejected—there would still be nothing to sanction *Walker* Counsel for because *Walker* Counsel did not refile any action. Judge Burke's April 18, 2022 Order closing the *Walker* case (which was itself unnecessary because a Rule 41(a)(1) voluntary dismissal is self-effectuating, *see ASX Inv. Corp. v. Newton*,

183 F.3d 1265, 1267 (11th Cir. 1999)) inaccurately asserted that "Plaintiffs' counsel is now telling the media that they 'plan to refile immediately.'"  N.D. Ala. No. 22-cv-480-LCB, Doc. 24 at 3.  That statement was based on a quote given by one of the *Ladinsky* Counsel; *Walker* Counsel said no such thing, nor made any press statements at all.  *See id.*[4]  Rather, with respect to the *Walker* plaintiffs and *Walker* Counsel, the voluntary dismissal was the end of their representation of parties challenging the healthcare law.[5]  In short, this entire matter began with a misunderstanding by Judge Burke about which lawyers intended to refile.  He confused *Walker* Counsel with *Ladinsky* Counsel and as a result, set in motion this entire matter as to *Walker* Counsel based on a false assumption.

---

[4]  Citing Paul Gattis, *Lawsuits Seeking to Overturn New Alabama Transgender Law Dropped, Could be Refiled*, AL.COM (Apr. 16, 2022, 5:43 p.m.), https://www.al.com/news/2022/04/lawsuits-seekingto-overturn-new-alabama-transgender-law-dropped-could-be-refiled.html.

[5]  The Federal Rules of Civil Procedure include a non-sanctions check against plaintiffs abusing their unconditional right to voluntarily dismiss: the two-dismissal rule.  *See* Fed. R. Civ. P. 41(a)(1)(B) (providing that a second voluntary dismissal of the same claim operates as an adjudication on the merits).  In other words, Rule 41(a)(1)(B) contains its own abuse-prevention mechanism, rendering sanctions unnecessary and unavailable.  *See Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016) (describing the two-dismissal rule as a mechanism to "limit a plaintiff's ability to engage in forum-shopping"); *see also ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999) ("primary purpose" of rule is "to prevent an unreasonable use of the plaintiff's unilateral right to dismiss").  The two-dismissal rule does not come into play here because the *Walker* plaintiffs only filed one complaint and likewise only voluntarily dismissed once.

None of the cases cited in the May 10, 2022 Order compels a different conclusion about the propriety of sanctions here. *See* doc. 1 at 5 nn.5-6. None involved a voluntary dismissal followed by no further involvement in litigation. *See Lane v. City of Emeryville*, 56 F.3d 71, 1995 WL 298614 (9th Cir. 1995) (table) (when counsel dismissed first action and then filed a second identical complaint on the same day, she violated local rule that required notice that an action on file is related to another action, including dismissed or otherwise terminated actions); *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 71 (D.P.R. 2004) (plaintiffs' abuse of Rule 41 "as a loophole to circumvent an unfavorable ruling" on preliminary injunction was "blatant"). Some did not involve voluntary dismissal at all. *In re: Bellsouth Corp.*, 334 F.3d 941, 959 (11th Cir. 2003); *Robinson v. Boeing Co.*, 79 F.3d 1053 (11th Cir. 1996); *United States v. Phillips*, 59 F. Supp. 2d 1178, 1180 (D. Utah 1999). Others did not impose sanctions. *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998) (district court abused its discretion by dismissing for judge-shopping); *Endo Pharma. Inc. v. FTC*, 345 F. Supp. 3d 554 (E.D. Pa. 2018) (discussing but not imposing sanctions). And the last two involved the simultaneous filing of numerous nearly identical complaints followed almost immediately by the dismissal of all but one of them. *In re Fieger*, 191 F.3d 451 (6th Cir. 1999) (counsel filed 13 nearly identical complaints and boasted about their evasion of the random assignment process); *Murray v. Sevier*, 1992 WL 75212, at

*1 (D. Kan. Mar. 13, 1992) (counsel filed six nearly-identical complaints; court dismissed the last complaint *sua sponte*).  Counsel have not identified *any* examples in any federal court of attorneys being sanctioned for voluntarily dismissing a complaint under Rule 41(a)(1)(A)(i) and taking no further action.

The *Walker* plaintiffs properly exercised their right to voluntarily dismiss their case, and there is no basis for an inquiry, charges, or sanctions directed at *Walker* Counsel.

## II.   *Walker* Counsel's Plausible, Non-Frivolous Marking of *Walker* As Related To *Corbitt* Cannot Support this Inquiry.

*Walker* Counsel's marking of *Walker* as related to *Corbitt* likewise cannot support the imposition of any charges or sanctions.  *See* Doc. 22 at 2 n.2 (ordering a *Walker* Counsel declarant to address via declaration the decision to mark *Walker* as related to *Corbitt*).  "Invocation of a court's inherent power requires a finding of bad faith."  *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995).  In determining whether a party acted in bad faith, courts apply a "subjective bad-faith standard."  *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017).  "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  *See Boler v. Space Gateway Support Co, LLC*, 290 F. Supp. 2d 1272, 1278 (M.D. Fla. 2003).  The standard for bad faith is "higher than the standard for mere frivolousness."  *Id.* at 1285.  This standard is not met where an attorney's

actions are "plausible." *See Jenkins v. Bellsouth*, No. CV-02-C-1057-S (N.D. Ala., Aug. 26, 2002) (finding that plaintiffs had not circumvented the random assignment of cases by listing a case as "related" on the Civil Cover Sheet (Form JS44) where such listing was "plausible"); *In re: Bellsouth Corp.*, 334 F.3d 941, 959 (11th Cir. 2003) (affirming finding that related designation was "plausible").

Here, *Walker* Counsel's marking the *Walker* complaint as "related" to *Corbitt v. Taylor* and moving for reassignment were, at a minimum, non-frivolous and plausible and therefore cannot justify the Panel's exercise of its inherent power. When *Walker* Counsel filed the *Walker* complaint, they had to fill out a Civil Cover Sheet, which directs the filer to list the docket number and judge assigned to any "related pending cases." The Middle District of Alabama has no local rule governing related cases or defining relatedness for purposes of the civil cover sheet. The only guidance provided to counsel is in the instructions to the civil cover sheet. *See* https://www.almd.uscourts.gov/sites/default/files/2022-06/JS-044-civil-cover-sheet-rev-04-2021.pdf. The form tells attorney filers that the "Related Case(s)" section "is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases." *Id.* Again, there is no local rule that informs counsel how to designate a case as related to another case—the civil cover sheet is all there is in the Middle District of Alabama.

9

While there is no binding guidance on what constitutes a "related case" in the Middle District of Alabama, other jurisdictions define "related case" to include those with overlapping factual and legal issues or those that should otherwise be heard by the same judge to avoid substantial duplication of judicial labor. *See, e.g.*, S.D.N.Y. Local Civil Rule 1.6; C.D. Cal. Local Rule 83-1.3.  The *Walker* and *Corbitt* cases met this standard.  First, with respect to relatedness, there is significant factual and legal overlap between the two cases.  *Corbitt* involves a challenge brought by transgender individuals who were prevented from obtaining Alabama drivers licenses that reflected their gender.  Both cases involve Equal Protection and Due Process challenges to Alabama laws that limit transgender individuals' rights. Adjudication of both cases requires an understanding of gender identity and gender dysphoria, as well as familiarity with and knowledge of medically appropriate treatments for gender dysphoria (including, *e.g.*, hormone blockers and surgeries). And there is significant overlap in the legal issues at play, including application of the Equal Protection Clause to sex-based classifications in the context of transgender individuals.  To be clear, this Panel is not deciding whether it agrees that *Walker* was related to *Corbitt*.  Under relevant authority, what matters is that *Walker* Counsel had a non-frivolous and plausible basis for marking *Walker* as related to *Corbitt*.

Second, the *Corbitt* case remained "pending" at the time *Walker* was filed. The case was on appeal, but (1) the appeal had not yet been exhausted or expired (it

was argued before the Eleventh Circuit on March 15, 2022), and (2) the case was expected to return to the district court following resolution of the appeal by the Eleventh Circuit, including for adjudication of an attorney's fees motion that plaintiff intended to file but for which the district court granted an extension for filing in the district court until after the appeal was resolved.  The Middle District of Alabama's local rules provide no guidance on the definition of a "pending" case. Other courts have interpreted "pending" to include cases pending on appeal.  *E.g.*, *Knights of the Ku Klux Klan Realm of La. v. E. Baton Rouge Par. Sch. Bd.*, 679 F.2d 64, 67 (5th Cir. 1982) (case was "pending" on effective date of statute while parties were awaiting Supreme Court's disposition of a petition for writ of certiorari); *see also Mayhew v. Int'l Mktg. Grp.*, 6 F. App'x 277, 280 (6th Cir. 2001) ("[A]n action is 'pending' so long as a party's right to appeal has not yet been exhausted or expired.").  *Corbitt* remained "pending" while the appeal was ongoing.

The Panel's exercise of its inherent power is only warranted if *Walker* Counsel acted in subjective bad faith or knowingly or recklessly raised a frivolous argument. *See Boler*, 290 F. Supp. 2d at 1278.  *Walker* Counsel's marking of *Corbitt* as a related case cannot meet this standard given the absence of guidance from the Middle District of Alabama on relatedness, the legal and factual overlap between the cases, the pendency of *Corbitt*, and the expectation that there would be further proceedings in the district court after appeal.  Similar to the voluntary dismissal under Rule

41(a)(1)(A)(i), any subjective impressions that *Walker* Counsel had about the advantageousness (or not) of appearing before the same judge that presided over *Corbitt* are simply irrelevant.

## **CONCLUSION**

For the foregoing reasons and those articulated in the *Ladinsky* Motion to Terminate, *Walker* Counsel respectfully ask this Panel to terminate this matter.

*/s/ Barry A. Ragsdale*
Barry A. Ragsdale

**OF COUNSEL:**

**DOMINICK FELD HYDE, P.C.**
1130 22nd Street South, Suite 4000
Birmingham, Alabama 35205
Tel.:   (205) 536-8888
bragsdale@dfhlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.

*/s/ Barry A. Ragsdale*
OF COUNSEL
