UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| *In re* Amie Adelia Vague, *et al.* | ) ) ) | Case No.: 2:22-mc-3977-WKW |

## ORDER

This matter is before the Panel on the following motions: *Ladinsky* Counsel's Motion for Protective Order (Doc. # 27), *Ladinsky* Counsel's Motion to Terminate Inquiry (Doc. # 32), *Walker* Counsel's Motion for Protective Order (Doc. # 34), *Ladinsky* Counsel's Motion to Stay Proceedings (Doc. # 35), *Walker* Counsel's Joinder to Motion to Terminate Inquiry (Doc. # 38), and *Walker* Counsel's Joinder to Joint Motion to Stay Proceedings (Doc.# 39). The motions are due to be denied.

As stated at the May 20 Hearing and in the July 8 Order, this is a unique proceeding. It is not adversarial. The Panel was constituted at the direction of each district judge across the three United States District Courts in Alabama. The Panel's purpose is "to inquire about the issues raised by counsel's actions" in *Walker v. Marshall*, 5:22-cv-480-LCB (N.D. Ala.), *Ladinsky v. Ivey*, 5:22-cv-447-LCB (N.D. Ala.), and *Eknes-Tucker v. Ivey*, 2:22-cv-184-LCB (M.D. Ala.) and "address lawyer conduct that potentially abuses the judicial process." (Docs. # 1, 16); *see also In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) ("[I]nherent powers, which are incidental to a federal court, include the power to control and discipline attorneys appearing before it.") (citing *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 43 (1991); citing in turn *Ex parte Burr*, 22 U.S. (9 Wheat) 529, 531 (1824)). The Panel is not examining the claims or actions of the parties in those cases. It is specifically looking at the actions of officers of these courts and other attorneys appearing before these courts. And, the Panel has the inherent authority to do just that.

The first step in conducting this inquiry occurred at the May 20, 2022 Hearing. (Doc. # 9). Unfortunately, the Panel was unable to speak to each subject attorney (particularly the decisionmakers for each firm/organization) during that initial hearing and, for that reason, was unable to conclude the inquiry. To aid the Panel in charting a fair and efficient manner to continue the proceeding, the Panel granted counsel's request for a status conference. (Doc. # 16). The status conference was held on June 17, 2022, and, following the conference, counsel was directed to file a consolidated statement that outlines a procedure for concluding the inquiry. (Doc. # 19).

The Panel's decision ordering twenty-one attorneys to submit a declaration steps somewhat beyond counsel's suggestion of limiting declarations to one attorney from each law firm/nonprofit legal organization. But, the difference is in the number of submissions, not their nature. Counsel for the subject attorneys explicitly proposed submission of *in camera* declarations. (Doc. # 21 at 5) ("Because it may be necessary to reveal attorney work product in the declarations and briefs, the Remaining Parties be allowed to file those declarations and briefs under seal."). Additionally, at the May 10 hearing, *Walker* counsel indicated that an *in camera* process was a proper method to protect against disclosure of attorney-client privilege and work-product protection. (May 10, 2022 Hearing Transcript) ("[W]e stand ready, willing, and able to answer any questions that the Court has. We are not going to use either of those privileges [the attorney client privilege and work-product protection] to refuse to answer questions that the Court has. But we wanted the Court, obviously, to at least flag those issues so that they could be presented in an in camera type

setting where the Court gets its answers, but we don't have to necessarily share that."). Further, no counsel (and no subject attorney) at the May 20 Hearing objected to use of the *in camera* procedure.

Both *Ladinsky* and *Walker* counsel have since changed their positions. Now, the subject attorneys insist that submitting declarations *in camera* is improper. (Docs. # 27 at 4-5; 34 at 7-8). The underlying rationale for *Ladinsky* and *Walker* counsel's motions for a protective order is that the Panel is not acting as a "neutral referee" and that *in camera* review "would be inconsistent with the core function of the attorney client privilege, the attorney work product doctrine, as well as basic norms of due process and fairness."[1] (*Id.*). However, that rationale is (1) simply wrongheaded (the Panel is comprised of judges, not party-opponents) and (2) at odds with the subject attorney's prior positions. Accordingly, a protective order is not warranted.

Again, this is not an adversarial proceeding. There is no opposing party to raise potential exceptions to privilege or protection: for example, waiver or the crime-fraud exception.[2] More importantly, the Panel is still "the court" (*i.e.*, a neutral decisionmaker), notwithstanding the incorrect contentions of counsel.

The Panel **ORDERS** and **CLARIFIES** as follows:

---

[1] As explained in the July 8, 2022 Order, the Panel has complied with the mandates of due process and will continue to do so. (Doc. # 22 at 5-6).

[2] *See Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1337-38 (11th Cir. 2018) ("We hold that the district court properly concluded that the crime-fraud exception may be applied because illegal or fraudulent conduct by an attorney alone may suffice to overcome attorney work product protection. We have previously recognized that in cases of attorney misconduct there is no protection for the attorney's work product.. ... '[A]n attorney should not be able to exploit [work product protection] for ends outside of and antithetical to the adversary system any more than a client who attempts to use the privilege to advance criminal or fraudulent ends.' Based on this rationale, an attorney may not exploit work product protection when she engages in illegal conduct or a fraud upon the court even if her client is innocent.") (internal citations and footnotes omitted).

3

1. As the July 8, 2022 Order (Doc. # 22) makes clear, the Panel is not seeking the disclosure of privileged *communications*. To the extent the materials that must be disclosed to the Panel are work product, all disclosures are to be made *in camera.*

2. *Ladinsky* Counsel's Motion for Protective Order (Doc. # 27) and *Walker* Counsel's Motion for Protective Order (Doc. # 34) are **DENIED**.

3. The Panel has the authority to conduct this inquiry under the court' inherent power. And, the Panel's inquiry is not complete.

4. *Ladinsky* Counsel's Motion to Terminate Inquiry (Doc. # 32) and *Walker* Counsel's Joinder to Motion to Terminate Inquiry (Doc. # 38) are **DENIED**.

5. The Panel has timely disposed of each pending motion, and with the exception of those attorneys addressed in the Panel's contemporaneous order,[3] there is ample time for the subject attorneys to submit their declarations *in camera*.

6. *Ladinsky* Counsel's Motion to Stay Proceedings (Doc. # 35) and *Walker* Counsel's Joinder to Joint Motion to Stay Proceedings (Doc.# 39) are **DENIED**.

_____
UNITED STATES DISTRICT JUDGE
FOR THE PANEL

---

[3] In particular, as stated in the Panel's contemporaneously filed order, the declarations of Amie A. Vague, Abigail Hoverman Terry, Milo Rohr Inglehart, and Carl Solomon Charles **SHALL** be filed **on or before August 1, 2022, at 4:00 P.M. Central Daylight Time.**