**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

---

|  |  |  |
|---|---|---|
| *In re* **Amie Adelia Vague**, *et al.* | } } } | **Case No. 2:22-mc-03977-WKW** |

## DECLARATION OF JULIE VEROFF PURSUANT TO JULY 8, 2022 ORDER

I, Julie Veroff, declare:

1.      I submit this Declaration pursuant to the Panel's July 8, 2022 Order in this matter.

2.      The matters stated herein are based upon my personal knowledge and are true to the best of my knowledge, information, and belief.  To the extent information provided in response to one of the Panel's questions is responsive to other questions, I have attempted to repeat that information, but the information

1

provided below should be considered as being provided in response to all questions as necessary, notwithstanding that it is provided in response to a specific question.[1]

3.     I have been an associate at Cooley LLP ("Cooley") since 2021.

4.     Prior to joining Cooley LLP, I was a Skadden Fellow at the American Civil Liberties Union ("ACLU") Immigrants' Rights Project.

5.     Prior to my work with the ACLU, I served as a law clerk for Justice Sonia Sotomayor on the United States Supreme Court, Judge Marsha S. Berzon on the United States Court of Appeals for the Ninth Circuit, and Judge James E. Boasberg on the United States District Court for the District of Columbia.

6.     I earned my Juris Doctor from Yale Law School in 2015.

7.     I am admitted to practice law in California, where I am in good standing.

8.     In March 2021, I joined the Cooley team that was working *pro bono* with Lambda Legal ("Lambda"), the American Civil Liberties Union ("ACLU National"), and the American Civil Liberties Union of Alabama (the "ACLU of Alabama") to prepare a lawsuit that could be brought if two companion bills, House

---

[1] Pursuant to and in compliance with the Panel's July 25, 2022 Order, I have not disclosed any attorney-client communications in this declaration.  Moreover, by submitting this declaration, I do not intend to waive the attorney work product protection as to any materials or communications disclosed herein.

Bill 1 and Senate Bill 10, were passed by the Alabama legislature.  Those bills, which were still pending in the Alabama legislature, would criminalize the provision of gender-affirming care to transgender youth.

9.      **Topic 1.  With regard to the first topic identified in the Panel's July 8, 2022 Order, my participation in and knowledge of "[t]he actual or potential judicial assignments in *Ladinsky*, *Walker*, and/or *Eknes-Tucker*," are as follows:** *Ladinsky*

- On or around April 11, 2022, I learned from co-counsel from one of the organizations working on the *Walker* case that various other organizations, including the National Center for Lesbian Rights ("NCLR"), GLBTQ Legal Advocates & Defenders ("GLAD"), Southern Poverty Law Center ("SPLC"), and Human Rights Campaign ("HRC") (collectively, *Ladinsky* Counsel), had filed the *Ladinsky* case in the Northern District of Alabama and that the *Ladinsky* case had been assigned to Judge Manasco.  Later that same day, I learned that Judge Manasco recused herself from the *Ladinsky* case.

- On April 14, 2022, I learned from *Walker* co-counsel that the *Ladinsky* case had been reassigned to Judge Axon in the Northern District of Alabama.

- On April 15, 2022, I learned that the *Ladinsky* case had been reassigned to Judge Burke in the Northern District of Alabama.

*Walker*

- When I joined the team that was preparing to file the *Walker* case in March 2021, I understood that *Walker* Counsel from Lambda, the ACLU of Alabama, and ACLU National were already inclined to file their lawsuit in the Middle District of Alabama and to mark the case as related to *Corbitt v. Taylor*, an action that was before Judge Thompson of the Middle District of Alabama. I understood that the ACLU National and ACLU of Alabama attorneys had served as counsel in *Corbitt* and so were familiar with Judge Thompson and the Middle District of Alabama more generally. I also understood that *Walker* co-counsel felt that Judge Thompson would be most familiar with the issues that would be presented to him in our case, and would generally be receptive to our clients' claims.

- In or around March 2021, I knew that Cooley associates were reviewing the process for marking a case as related in the Middle District of Alabama. I was not involved in the decision to mark the *Corbitt* and *Walker* cases as related so I do not recall reviewing that research carefully at the time. I understand that *Walker* Counsel ultimately decided to mark the *Walker*

==case as related to the *Corbitt* case given the overlap in the legal and factual issues between the cases.==

- In March and April 2022, my primary role on the *Walker* team was to draft and finalize the content of the complaint.  On April 8, 2022, in connection with preparing for the filing, and based on information we received from *Walker* co-counsel, I confirmed with another associate that the case should be marked as related to *Corbitt* on the civil cover sheet.  At that time, I was not aware of how or when the relatedness determination would be made.

- I was on vacation with my family from the afternoon of Friday, April 8 through the early evening of Monday, April 11, 2022, and often did not have cellular or internet service.  I understood that Cooley associates and *Walker* co-counsel were filing the complaint, but I did not meaningfully participate in reviewing the documents associated with the filing other than the complaint, nor was I meaningfully involved with the logistics of the filing.  I specifically do not recall reviewing the civil cover sheet that was filed with the *Walker* complaint before the complaint was filed.

- On April 12, 2022, I learned that *Walker* co-counsel called Judge Thompson's chambers to alert Judge Thompson that *Walker* had been marked as related to *Corbitt* and that we intended to file a request for a temporary restraining order and/or preliminary injunction.  I subsequently

received notification that the *Walker* action had been assigned to Chief Judge Marks of the Middle District of Alabama.  I then learned from another Cooley associate who contacted the Middle District of Alabama's Clerk's Office that checking the related case box on the civil cover sheet was not sufficient for the Court to make a relatedness determination, and that we would need to file a motion to reassign the case to the judge who presided over the related case.  I conveyed that information to other members of the *Walker* team.  Given that guidance, Cooley associates immediately prepared a motion to Chief Judge Marks to reassign the case to Judge Thompson, which I reviewed.  That motion was premised on our belief that the *Corbitt* case was still pending before Judge Thompson, which I understood based on information I received from *Walker* co-counsel.  The motion was filed on April 12, 2022.

- On April 13, 2022, I learned from *Walker* co-counsel that Chief Judge Marks had issued an order to show cause why the *Walker* case should not be transferred to the Northern District of Alabama so that it could be decided with the first-filed *Ladinsky* case.

- Soon after we received notification of the order to show cause, the *Walker* team began discussions about how best to respond.  Members of the team began drafting a brief opposing transfer to the Northern District of

6

Alabama and explaining the reasons for seeking relation to *Corbitt*.  At the same time, the *Walker* team began researching Judge Axon, who had been assigned to the *Ladinsky* case, because we assumed if Chief Judge Marks transferred *Walker*, it would be consolidated with *Ladinsky*.

- On April 14, 2022, I reviewed the State's opposition to the *Walker* motion to reassign the case to Judge Thompson and its response to the order to show cause, which noted, in part, that the *Corbitt* case was closed on the district court docket and argued that the *Walker* case therefore could not be deemed related to *Corbitt*.  To the best of my recollection, I was not aware when we filed the *Walker* complaint and the motion to reassign that the *Corbitt* case was closed on the district court docket.

- I recall that, not long after we received and reviewed the State's filing, *Walker* Counsel decided not to oppose the transfer of the *Walker* case to the Northern District of Alabama.

- On April 14, 2022, *Walker* Counsel responded to Chief Judge Marks' order to show cause with a brief submission explaining that *Walker* was properly filed in the Middle District but that the *Walker* Plaintiffs did not oppose transfer to the Northern District.  At the time, I expected that *Walker* would be transferred to the Northern District of Alabama, consolidated with the *Ladinsky* case, and therefore assigned to Judge Axon.

7

- Also on April 14, 2022, I reached out to an attorney in Alabama referred to me by a friend to request information on Judge Axon and Chief Judge Marks.  During our communication, the Alabama attorney also offered to seek information about how Judge Thompson handles related cases, and I accepted the offer.  I understand that, around this time, other attorneys on the *Walker* team reached out to former clerks of Judge Thompson to ask how Judge Thompson handles related case assignments.  I do not recall receiving much information based on these conversations, other than that, as a general practice, a case would be randomly assigned or the originally assigned judge would hear any motion to reassign.

- On April 15, 2022, as described below, I assisted with an effort by *Walker* and *Ladinsky* Counsel to consolidate the *Walker* and *Ladinsky* cases in front of Judge Axon.

- On April 15, 2022, I received notification that the *Walker* case had been assigned to Judge Burke of the Northern District of Alabama.

*Eknes-Tucker*

- At some point in time, after Cooley had ceased working on the *Walker* matter, I learned that *Ladinsky* Counsel had filed the *Eknes-Tucker* case in the Middle District of Alabama. I also learned that the *Eknes-Tucker* case

was transferred to Judge Burke in the Northern District of Alabama.  I do not recall how I learned that information.

10.     **Topic 2.  With regard to the second topic identified in the Panel's July 8, 2022 Order, my participation in and knowledge of "[a]ny actions or decisions taken in the course of preparing to file *Ladinsky*, *Walker*, and/or *Eknes-Tucker* that relate to any actions or plans that were intended to cause, actually caused, or may have caused the assignment or reassignment to, or the actual or potential recusal of, any judge in the Northern or Middle Districts of Alabama," are as follows:**

*Ladinsky*

- I have no knowledge of or participation in any actions or decisions taken in the course of preparing to file *Ladinsky* that relate to any actions or plans that were intended to cause, actually caused, or may have caused the assignment or reassignment to, or the actual or potential recusal of, any judge in the Northern or Middle Districts of Alabama.

*Walker*

- I have no knowledge of or participation in any actions or decisions taken in the course of preparing to file *Walker* that were intended to cause, actually caused, or may have caused the actual or potential recusal of any judge in the Northern or Middle Districts of Alabama.

- With respect to actions or decisions taken in the course of preparing to file *Walker* that were intended to cause, actually caused, or may have caused the assignment or reassignment to any judge in the Northern or Middle Districts of Alabama, as described above, when I joined the team that was preparing to file the *Walker* case in March 2021, I understood that *Walker* Counsel from Lambda, the ACLU of Alabama, and ACLU National were inclined to file their lawsuit in the Middle District of Alabama and to mark the case as related to *Corbitt v. Taylor*. I understood that the reason for the decision to file in the Middle District of Alabama and to mark the case as related to *Corbitt* was that co-counsel from our partner organizations were familiar with the Middle District of Alabama and Judge Thompson and believed that Judge Thompson would have knowledge of the factual and legal issues presented in the *Walker* case given his work on the *Corbitt* action. I also understood that Judge Thompson had ruled favorably for the plaintiffs on those issues in *Corbitt*, and was expected to be receptive to our clients' claims.

- As set forth above, in or around March 2021, I knew that Cooley associates were reviewing the process for marking a case as related in the Middle District of Alabama. I was not involved in the decision to mark the *Corbitt* and *Walker* cases as related so I do not recall reviewing that research

carefully at the time.  I understand that *Walker* Counsel ultimately decided to mark the *Walker* case as related to the *Corbitt* case given the overlap in the legal and factual issues between the cases.

*Eknes-Tucker*

- I have no knowledge of or participation in any actions or decisions taken in the course of preparing to file *Eknes-Tucker* that relate to any actions or plans that were intended to cause, actually caused, or may have caused the assignment or reassignment to, or the actual or potential recusal of, any judge in the Northern or Middle Districts of Alabama.

11.   **Topic 3.  With regard to the third topic identified in the Panel's July 8, 2022 Order, my participation in and knowledge of "[a]ny action or decision that relates to which parties to name in *Ladinsky*, *Walker*, and/or *Eknes-Tucker*, where to file each action, and all the reasons related to any such decision about who to name and where to file," are as follows:**

*Ladinsky*

- I have no knowledge of or participation in any action or decision that relates to which parties to name in *Ladinsky*, where to file the *Ladinsky* action, or the reasons related to any such decision about who to name and where to file.

11

*Walker*

- As described above, when I joined the team that was preparing to file the *Walker* case in March 2021, I understood that *Walker* Counsel from Lambda, the ACLU of Alabama, and ACLU National were inclined to file their lawsuit in the Middle District of Alabama and to mark the case as related to *Corbitt v. Taylor*.

- I know that on April 11, 2022 the *Walker* case was filed in the Middle District of Alabama.

- I was not involved with the decision to name Jeffrey Walker, Lisa Walker, H.W., Jeffrey White, Christa White, and C.W. as plaintiffs in the *Walker* action.

- *Walker* Counsel considered adding an additional family as plaintiffs in the *Walker* case, but ultimately decided not to do so.  I understand that the decision not to add the family was based on facts discovered in the course of preparing a declaration from the family in support of the *Walker* complaint that raised concerns about whether the additional family was representative of the type of plaintiff the *Walker* team thought should be bringing the challenge.  To my knowledge, the decision not to add the family to the case was unrelated to any considerations regarding the venue in which the case was filed.

- In finalizing the content of the complaint, I coordinated with *Walker* co-counsel, who identified the district attorneys for the counties in which the plaintiff families resided, and included those district attorneys and the Attorney General of Alabama as defendants in the complaint.

*Eknes-Tucker*

- I have no knowledge of or participation in any action or decision that relates to which parties to name in *Eknes-Tucker*, where to file the *Eknes-Tucker* action, or the reasons related to any such decision about who to name and where to file.

12.     **Topic 4.  With regard to the fourth topic identified in the Panel's July 8, 2022 Order**, I had no participation in and have no knowledge of "[a]ny action or decision that relates to attempts to associate other law firms or the actual association of other law firms to work with counsel in *Ladinsky*, *Walker*, and/or *Eknes-Tucker*."

13.     **Topic 5.  With regard to the fifth topic identified in the Panel's July 8, 2022 Order, my participation in or knowledge of "[a]ny and all actions or decisions that relate to coordination and/or dismissal of the *Ladinsky* and *Walker* cases and the reasons for dismissal, including but not limited to (1) the conference call that occurred on April 15, 2022 and (2) any other**

13

**communications between *Ladinsky* Counsel and *Walker* Counsel on that topic"
is as follows:**

- As described above, I generally understood when I joined the case in
  March 2021 that there were two groups of counsel who represented
  different plaintiffs that were interested in challenging the proposed
  Alabama law criminalizing gender-affirming healthcare for transgender
  youth.  I also understood that the organizations that Cooley was working
  with were likely to file in the Middle District of Alabama and that the other
  group was likely to file in the Northern District of Alabama.  As described
  below, until Chief Judge Marks issued an order to show cause why the
  *Walker* case should not be transferred to the Northern District of Alabama
  where the *Ladinsky* case was pending, I had very little knowledge of what
  these other groups were doing and little to no communications with any of
  their attorneys.  To the extent I received communications about these other
  groups, I do not recall them because I was not focused on what those other
  groups were doing.

- On April 13, 2022, as described above, Chief Judge Marks issued an order
  to show cause as to why *Walker* should not be transferred to the Northern
  District for decision with the first-filed case, *Ladinsky*.  Soon after that
  order was filed, I participated in a conference call that included co-counsel

in the *Walker* case and some attorneys from the *Ladinsky* case.  During the call, *Ladinsky* Counsel described the judge to which their case had been assigned, and *Walker* Counsel discussed the motion to reassign the case to Judge Thompson.  I do not recall much more about that discussion.

- As described above, on April 14, 2022, *Walker* Counsel responded to Judge Marks' order to show cause by explaining that we did not oppose transfer to the Northern District of Alabama.

- In the morning of April 15, 2022, I received notification that the *Walker* case had been transferred to the Northern District of Alabama and that the case had been assigned to Judge Burke.

- Soon after I learned that the *Walker* case had been transferred and after some internal discussion, I contacted the Northern District of Alabama's Clerk's Office and was told by the clerk that, to formally consolidate the *Walker* case with the *Ladinsky* case, *Ladinsky* Counsel would need to file a motion for consolidation before Judge Axon, who was presiding over the *Ladinsky* case.  At that point, the *Walker* team began discussing various options for proceeding with consolidation and began drafting a motion consistent with the clerk's advice.

- I learned from other *Walker* Counsel that there was a call between *Walker* and *Ladinsky* Counsel in the afternoon of April 15, 2022, where counsel

discussed filing a motion to consolidate the two cases in *Ladinsky* and potential coordination of our strategies going forward. I did not participate in this call.

- On April 15, 2022, I learned from other Cooley attorneys on the *Walker* team that the State was planning to file a motion in *Ladinsky* to consolidate *Walker* with *Ladinsky* before Judge Axon. At that time, *Walker* Counsel understood that *Ladinsky* Counsel was going to consent to the State's motion and also planned to consent to the State's motion to consolidate.

- On April 15, 2022 around 4:00 PM CT, I learned that Judge Burke set a status conference in *Walker* for the morning of Monday, April 18, 2022.

- On April 15, 2022 around 4:50 PM CT, I learned from other *Walker* Counsel that *Ladinsky* had been transferred from Judge Axon to Judge Burke.

- Shortly thereafter, *Walker* Counsel began discussing possible voluntary dismissal of the *Walker* case. My understanding was that the *Walker* team had concerns about our assignment to Judge Burke, who I had not personally researched and about whom others had expressed potential concerns, including that Judge Burke would not be receptive to our clients' claims in the case. Additionally, the *Walker* team was concerned about *Walker* Counsel's ability to have senior lawyers on the team admitted *pro*

16

*hac vice* and otherwise able to travel and participate in the April 18, 2022 status conference.

- On April 15, 2022, at some time between 5:00 PM CT and 6:00 PM CT, the *Walker* team decided to dismiss its case, and I assisted with drafting the notice of voluntary dismissal.  I understand that the *Walker* team made this decision independently from the *Ladinsky* team, but, as part of this decision, were aware that the *Ladinsky* team also was likely to dismiss.

- On April 15, 2022 at around 6:24 PM CT, *Walker* Counsel filed a notice of voluntary dismissal of the *Walker* case.  Shortly thereafter, at around 6:33 PM CT, *Ladinsky* Counsel informed *Walker* Counsel that they had filed a notice of voluntary dismissal of the *Ladinsky* case.

- On April 16, 2022, I understand that senior members of the *Walker* and *Ladinsky* teams met and discussed potential refiling of a single lawsuit and coordination going forward.  I was not present on or invited to that call, but I understand from other Cooley attorneys that the different counsel groups were having difficulty working together.  I also listened in to another call that day where senior *Walker* Counsel discussed not joining in a refiling of the case in part because the *Walker* Counsel felt they would be unable to work productively with the *Ladinsky* lawyers going forward.

- On April 16, 2022, I learned that Cooley informed other *Walker* Counsel that Cooley would not be part of any further litigation regarding Alabama's transgender youth healthcare ban, including any effort to file a coordinated suit with *Ladinsky* Counsel.  I understand that other *Walker* Counsel then informed *Ladinsky* Counsel of this decision by Cooley.

14.    **Topic 6.  With regard to the sixth topic identified in the Panel's July 8, 2022 Order**, I had no participation in and have no knowledge of "[a]ny and all actions that relate to the decision to file *Eknes-Tucker* in the United States District Court for the Middle District of Alabama."

15.    **Topic 7.  With regard to the seventh topic identified in the Panel's July 8, 2022 Order, my participation in or knowledge of "(1) preparation for the hearing in this matter (including circulation of any Q&A document), and (2) the questions expected to be asked or that were actually asked by the court at the May 20, 2022 hearing" is as follows:**

- On May 10, 2022, I learned of the Panel's Order in this matter instructing me and other counsel to appear before the Panel on May 20, 2022.

- On May 11, 2022, I and other *Walker* Counsel retained Barry Ragsdale to represent us in this matter.  That same day, we had an introductory call with Mr. Ragsdale.

- On May 13, 2022, I understand that senior *Walker* Counsel had a call with Mr. Ragsdale regarding strategy for the May 20 hearing.  I did not participate in this call.

- On May 14, 2022, I received a copy of a chronology of relevant events from another Cooley attorney.  I understand the chronology was created for the purpose of preparing Mr. Ragsdale for the May 20 hearing.  I responded that day with comments that I understand were incorporated into the final version of the timeline.

- On May 15, 2022, I participated in a team call with Mr. Ragsdale regarding preparation for the May 20 hearing.

- Also on May 15, 2022, I and other junior *Walker* Counsel received a copy of a Q&A document from another Cooley attorney.  I understood that this document was being circulated for our input and that its purpose was to prepare Mr. Ragsdale for the May 20 hearing.  I did not provide any input on the Q&A document.

- Between May 15, 2022 and May 19, 2022, I received drafts of a pre-hearing submission from another Cooley attorney.  I provided some comments on this submission, which I understand were incorporated into the final version.

19

- On May 17, 2022, I participated in a team call with Mr. Ragsdale regarding preparation for the May 20 hearing.

- That same day, I understand that Mr. Ragsdale submitted a letter to the Panel requesting that I be excused from in-person attendance at the May 20 hearing due to my pregnancy and related medical condition.  Later that day, I understand that Mr. Ragsdale received a phone call from a clerk confirming that I was excused from attending the May 20 hearing in person.

- On May 18, 2022, I participated in a team call with Mr. Ragsdale regarding preparation for the May 20 hearing.

- On May 19, 2022, I briefly dialed in to an in-person meeting with Mr. Ragsdale that was happening in Alabama.  I did not actively participate in that meeting and I could not really hear what was going on.  On the evening of May 19, 2022, I received a copy of the Q&A document.  I did not respond to this email.

- My knowledge of "the questions . . . that were actually asked by the court at the May 20, 2022 hearing" is limited to what I have inferred about the nature of the questions asked of certain witnesses based on a report of the June 17, 2022 status conference and the Panel's July 8, 2022 Order.

Otherwise, I have been given no information about what any of the other attorneys may have been asked by the Panel on May 20, 2022.

16. **Topic 8. With regard to the eighth topic identified in the Panel's July 8, 2022 Order, I have the following knowledge of the "identity of [any] attorney, not included in the style of the original order, whom" I am "aware of being involved in any input, recommendation, decision, or strategy regarding any of the subjects referenced above":**

- I am aware that Shannon Minter from NCLR was involved as part of the *Ladinsky* team.

- I am aware that Alexa Kolbi-Molinas and Josh Block at ACLU had some involvement in the *Walker* case strategy in early 2021.

- I am aware that Sharon McGowan at Lambda had some involvement in the 2021 and 2022 *Walker* efforts. I also believe that Sharon McGowan and Camilla Taylor at Lambda were part of our efforts to prepare for the May 20, 2022 hearing.

- As described above, on April 14, 2022, I reached out to an attorney who practices in Alabama. I asked that attorney for background information on Judge Marks and Judge Axon. Additionally, the Alabama attorney offered to seek information about how Judge Thompson handles related cases, and I accepted that offer. I relayed the information I received to the *Walker*

21

team.  I am also aware that, at various times, other *Walker* Counsel reached out to former clerks for Judge Thompson to get additional information about how Judge Thompson handles related cases.

- There are several attorneys at Cooley who have been working as my counsel in this matter as a result of the May 10, 2022 Order, including some who helped with our preparations in advance of the May 20, 2022 hearing.

17.    With respect to the Panel's directive that I attest to my compliance with the July 8, 2022 Order and to affirmatively indicate any non-compliance: I have complied with the Panel's July 8, 2022 Order as modified by the Panel's July 25, 2022 Order.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.


Dated:  July 27, 2022
Berkeley, California

                                        */s/ Julie Veroff* _____
                                             Julie Veroff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.

*/s/ Barry A. Ragsdale*
OF COUNSEL