UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| *In re* Amie Adelia Vague, *et al.* | Case No. 2:22-mc-03977-WKW |

**SUPPLEMENTAL DECLARATION OF JULIE VEROFF PURSUANT TO JULY 8, 2022 ORDER**

I, Julie Veroff, declare:

1. I submit this Supplemental Declaration pursuant to the Panel's July 8, 2022 Order in this matter.

2. On July 31, 2022, my counsel asked me to provide additional detail about the communications with an Alabama attorney described on page 8 of my July 27, 2022 Declaration.

3. In response to counsel's request, I reviewed text messages between me and this Alabama attorney from April 14, 2022. I initially contacted this attorney because our local counsel was unavailable to file the *Walker* plaintiffs' response to

the order to show cause, issued by Chief Judge Marks on April 13, 2022, why the case should not be transferred to the Northern District of Alabama, which was due later that evening.

4. The messages reflect that the Alabama attorney I contacted communicated with me about Judge Marks' reputation with respect to criminal defendants but did not have any information about Judge Marks' reputation in civil cases or about Judge Axon. I also explained to her that we were trying to transfer the case to Thompson but had heard that he may not be taking on new cases if he could avoid it. She then offered to put some questions before one of his clerks. I responded by thanking her, and explained that "[i]f you happen to know a current clerk and would be able to find out how his chambers handles requests to transfer to him (e.g. is it up to him or the judge they [sic] has the case) and if he's accepting new cases, that'd be incredibl[y] [sic] helpful . . . ."

5. Later that afternoon, she reported to me from a former Thompson clerk that "cases are assigned randomly but [sic] the clerk's office. Once in a while judges will trade cases because of external issues (i.e. not subject matter but other things)[.] But it is otherwise luck of the draw whether a case is assigned to him[.] I'm not aware of a mechanism to have the case transferred to be honest[.]" I then explained that we had "indicated on the civil cover sheet that the case is related to one of his cases and filed a motion to relate the cases . . . . "

2

6. This information was followed later in the afternoon with a subsequent text message in which she told me that she had "finally heard from the current Thompson clerk ([v]ia a mutual friend)" and she passed along a screenshot of her text exchange with the mutual friend, which read: "Its up to the judge who gets the case originally and Thompson is taking cases." Then it read: "And Thompson is hoping its transferred to him." The screenshot also reflected a pending message indicated by an ellipsis: ". . . . ," which she explained to me read: "So sounds like Marks would have to decide to transfer it." When I received this information regarding Judge Thompson, I was on a call with other Walker Counsel, and I shared it with them.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: August 1, 2022
Berkeley, California

                                                  */s/ Julie Veroff*
                                                  Julie Veroff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.

                                    */s/ Barry A. Ragsdale*
                                    OF COUNSEL