UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| *In re* **Amie Adelia Vague, et al** | ) | Case No. 2:22-mc-03977-WKW |
| | ) | (Middle District of Alabama) |

## DECLARATION OF MILO R. INGLEHART

1. I am providing this *in camera* Declaration as required by the Panel's July 8, 2022 Order in the above referenced proceeding. By doing so, I am not waiving any privilege, including the attorney client privilege and the protections of the attorney work product doctrine. The matters stated herein are based upon my personal knowledge and are true and complete to the best of my recollection.

2. I understand the Panel's July 25, 2022 Order (ECF 41) requires me to disclose work product responsive to the topics in the Panel's July 8, 2022 Order. To comply with that Order, I am, on the advice of counsel, disclosing certain information protected by the work product doctrine in this declaration. To preserve my objection to the sharing of this information, I have highlighted this protected

information in blue throughout my declaration. I further understand that in submitting this information *in camera* under order of the Panel, I am not waiving any privilege protected by the work product doctrine.

3. I am a 2014 graduate of Columbia University, where I received my Bachelor of Arts degree in Sociology, and I am a 2019 graduate of Harvard Law School.

4. After graduating law school, I did a one-year legal fellowship with Transgender Law Center ("TLC"). I followed that experience with a one-year fellowship at the ACLU's Criminal Law Reform Project, where I focused on investigating the spread of COVID-19 in prisons and jails. After leaving my second fellowship, I rejoined TLC as a Staff Attorney in late 2021.

5. As detailed below, I was a junior member of the TLC team that participated in filing the *Walker v. Marshall* lawsuit challenging the constitutionality of SB 184 in the District Court for the Middle District of Alabama ("M.D. Alabama").

6. I have been barred in New York since August 2020. I have not had any ethics complaints filed against me, and at no point since I began practicing law has anyone raised that I have acted unethically in a legal matter.

### Role In The *Ladinsky*, *Walker*, And *Eknes-Tucker* Cases

7. I became aware of and involved in the litigation that was ultimately filed as *Walker v. Marshall*, No. 2:22-cv-00167 (M.D. Ala) ("*Walker*") in or around March 2022.

8. At the time I joined the team preparing to file *Walker*, I became aware that other legal organizations were also preparing to file litigation challenging the legality of SB 184. To the best of my recollection, I gained this awareness from team meetings with lawyers from TLC, the ACLU, the ACLU of Alabama, Lambda Legal, and the Cooley law firm ("*Walker* counsel").

9. I had no involvement in the preparation, filing, or litigation of *Ladinsky v. Ivey*, No. 5:22-cv-00447 (N.D. Ala.) ("*Ladinsky*"). To the best of my recollection, I have never spoken to any of the attorneys that filed the *Ladinsky* case concerning that case, and I was not a part of any communications between the *Walker* and *Ladinsky* teams.

10. I have not had any involvement in the preparation, filing, or litigation of *Eknes-Tucker v. Marshall*, No. 2:22-cv-00184 (M.D. Ala.).

**Responses To The Panel's July 8, 2022 Order (ECF 22) Topics**

**1.     The actual or potential judicial assignments in *Ladinsky*, *Walker*, and/or *Eknes-Tucker***

11.    I did not participate in any decision-making concerning the actual or potential judicial assignments in *Ladinsky* or *Eknes-Tucker*. I am aware that the *Ladinsky* case was assigned to Judge Axon and later transferred to Judge Burke.

12.    When TLC joined the *Walker* team in or around March 2022, I understood that the other organizations and attorneys on the *Walker* team had already decided to file the case in M.D. Alabama.

13.    I also understood that when *Walker* was filed, the *Walker* team intended to mark the *Walker* case as related to *Corbitt v. Taylor*, No. 2:18-cv-00091 (M.D. Ala.) ("*Corbitt*"), a case brought by the ACLU concerning an Alabama law that required transgender individuals to show proof of gender-affirming surgery before being able to change their name or gender marker on their driver's license.

14.    At some point, I learned that Judge Thompson was the judge assigned to the *Corbitt* case. I understood that the *Walker* team expected Judge Thompson to be the judge assigned to the *Walker* case if the Court agreed that *Walker* and *Corbitt* were related cases.

15.    While I was not involved in the decision to mark the *Walker* case as related to the *Corbitt* case, my understanding was that the *Walker* team considered

4

both cases to be related because both focused on gender-affirming health care and implicated similar constitutional rights.

**2.    Any actions or decisions taken in the course of preparing to file *Ladinsky*, *Walker*, and/or *Eknes-Tucker* that relate to any actions or plans that were intended to cause, actually caused, or may have caused the assignment or reassignment to, or the actual or potential recusal of, any judge in the Northern or Middle Districts of Alabama**

16.    I did not participate in and do not have knowledge of any actions or plans that were intended to cause, actually caused, or may have caused the actual or potential recusal of any judge in the Northern or Middle Districts of Alabama in any of the *Ladinsky*, *Walker*, or *Eknes-Tucker* cases.

17.    I did not participate in and do not have knowledge of any actions or plans that were intended to cause, actually caused, or may have caused the assignment or reassignment of any judge in the Northern or Middle Districts of Alabama in the *Ladinsky* or *Eknes-Tucker* cases.

18.    As previously stated, I am aware that the *Walker* team intended to mark the *Walker* case as related to *Corbitt* when it filed in M.D. Alabama.

19.    I am further aware that at some point on April 12, 2022, the *Walker* team learned that it needed to file a motion to relate the *Walker* case to the *Corbitt* case, and the team began drafting that motion. I was not one of the drafters of that motion nor did I perform any research for the motion. I may have received a draft or drafts of the motion, but I do not recall offering any edits to the motion.

5

20. I am further aware that, after receiving the Order to Show Cause filed on April 13, 2022 by Chief Judge Marks, the *Walker* team decided not to oppose *Walker*'s transfer to the District Court for the Northern District of Alabama ("N.D. Alabama"). I did not personally perform any research related to this decision, and I was not a decision-maker concerning the decision not to oppose transfer to N.D. Alabama.

3. **Any action or decision that relates to which parties to name in *Ladinsky*, *Walker*, and/or *Eknes-Tucker*, where to file each action, and all the reasons related to any such decision about who to name and where to file**

21. I did not participate in and do not have any knowledge that relates to which parties to name, where to file, or any of the reasons related to those decisions in *Ladinsky* or *Eknes-Tucker*.

22. When TLC joined the *Walker* team, the plaintiff families had already been identified and chosen. I am aware that shortly prior to filing *Walker*, the team decided not to move forward with one plaintiff family. I was aware of that decision at the time, but I was not involved in making that decision. I do not have any additional knowledge that relates to which parties to name, where to file, or any of the reasons related to those decisions in the *Walker* case.

6

**4.    Any action or decision that relates to attempts to associate other law firms or the actual association of other law firms to work with counsel in *Ladinsky*, *Walker*, and/or *Eknes-Tucker***

23.    I did not participate in and do not have knowledge of any attempts to associate other law firms or the actual association of other law firms to work with counsel in *Ladinsky*, *Walker*, or *Eknes-Tucker*.

24.    When TLC joined the *Walker* team, the Cooley law firm was already a part of the team preparing the litigation. I had no role in and have no knowledge of the decision to have Cooley join the *Walker* team.

25.    I understood that the ACLU of Alabama was "local counsel" on the *Walker* case. I was not involved in, nor am I aware of, any discussions concerning whether to hire or consult with additional local counsel.

**5.    Any and all actions or decisions that relate to coordination and/or dismissal of the *Ladinsky* and *Walker* cases and the reasons for dismissal, including but not limited to (1) the conference call that occurred on April 15, 2022 and (2) any other communications between *Ladinsky* counsel and *Walker* counsel on that topic**

26.    I am not aware of any actions or decisions that relate to the coordination of the *Ladinsky* and *Walker* cases before they were filed.

27.    I was out of work on Friday, April 15, 2022.  Prior to April 15, I was not aware of and did not participate in any discussions concerning dismissal of *Walker*.

7

28. At some point during the afternoon or evening of April 15, Lynly Egyes, my boss, called me and told me that the team had decided to dismiss the *Walker* case. She told me that the reasons for deciding to dismiss the case included the transfer of the case from M.D. Alabama to N.D. Alabama, the short timeframe to prepare for the April 18 status hearing Judge Burke had ordered, the assignment of Judge Burke to the case, and the likelihood that the case would be consolidated with the *Ladinsky* case.

29. Over the weekend of April 16-17, Ms. Egyes informed me that the *Walker* team did not think it would be feasible to work with the *Ladinsky* counsel to file a new case challenging Alabama's law because of the difficulties litigating with so many separate organizations, differences of opinion concerning case strategy between the organizations, and personality clashes among some counsel within the organizations.

**6.   Any and all actions that relate to the decision to file *Eknes-Tucker* in the United States District Court for the Middle District of Alabama;**

30. I did not participate in and have no knowledge of any actions that related to the decision to file *Eknes-Tucker*, including whether to file it in M.D. Alabama.

**7.     Any knowledge you have that relates to (1) preparation for the hearing in this matter (including circulation of any Q&A document), and (2) the questions expected to be asked or that were actually asked by the court at the May 20, 2022 hearing;**

31.     Following the May 10, 2022 Order opening this proceeding, the *Walker* team hired Barry Ragsdale to represent *Walker* counsel named in this matter. I was not a part of the decision to hire Mr. Ragsdale, but always understood that he was representing me and communications between us were protected by the attorney-client privilege.

32.     From my recollection, Mr. Ragsdale met with the *Walker* team, including me, three or four times prior to the hearing on May 20, 2022. Each meeting lasted approximately one hour.

33.     I received a document the night prior to the May 20, 2022 hearing that I understood was prepared by Mr. Ragsdale and members of the *Walker* team. The document contained a set of questions and responses which I understood were designed to aid Mr. Ragsdale in preparing himself and others of his clients for the hearing. I was not involved in the preparation of the document and only received one version of it. I spent less than ten minutes reviewing the document. To my knowledge, this document was never shared outside of the *Walker* team and our retained counsel.

34. With full respect for the Panel, upon advice and direction of counsel, I am not attaching the "Q&A document" to my declaration, in accordance with the Notice filed by my counsel on July 27, 2022 (ECF 42).

35. I also received drafts of the pre-hearing brief submitted in this matter by *Walker* counsel, and I am aware that Cooley created a timeline to help Mr. Ragsdale prepare for the May 20 hearing. To my knowledge, the pre-hearing brief drafts and timeline have never been shared outside of the *Walker* team and our retained counsel.

**8.    The identity of each attorney, not included in the style of the original order, whom you are aware of being involved in any input, recommendation, decision, or strategy regarding any of the subjects referenced above and the details of each such person's involvement.**

36. I am not aware of any other attorneys not included in the style of the original order who were involved in any input, recommendation, decision, or strategy regarding any of the subjects referenced above.

### Attestation of Sequestration Order Compliance

37. I attest that I have not discussed with any individuals named in the May 10, 2022 Order the substance of any testimony given by those individuals during the May 20, 2022 hearing, including any questions asked or answers given. I further attest that I have not discussed the contents of my declaration with anyone other than my counsel in this proceeding.

38. Following the status conference on June 17, 2022, I received notes created by my counsel that contained a description of some of the substance of Mr. Charles' May 20, 2022 testimony. Shortly thereafter, I received a second email telling me that those notes were sent in error and asking me to delete them because they inadvertently disclosed some of the substance of testimony. I have not reviewed those notes since receiving the second email, and I deleted them.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 29, 2022

Ludwigshafen, Germany

<u>/s/Milo R. Inglehart</u><br>
Milo R. Inglehart